# Chamblee *et als.* v. Cole.

*Petition to vacate Void Decree.*

1. *Vacation of void decree; subsequent term; power over valid decree.*—Every court has the inherent power to vacate its void decree even at a subsequent term, and should do so on motion; but if valid its power to alter at a subsequent term is limited to the correction of errors and omissions apparent upon the record.

2. *No presumption as to validity of decree of court of limited jurisdiction.*—No presumption is indulged in favor of the decree of a court of limited jurisdiction; all jurisdictional facts must appear upon the record.

3. *Exemption to widow and minor children before administration; jurisdiction of probate court.*—The statute alone confers upon the probate court authority to set apart to the widow and minor children exemption before administration, and in the exercise of that authority it is a court of limited jurisdiction.

4. *Petition to set apart exemption to a widow and minor children; jurisdictional averments.*—A petition to set apart to a widow

[Chamblee *et als.* v. Cole.]

and minor children a homestead exemption before adminis-
tration under the statute (Code. § 2097, Code of 1886, § 2562,
and Acts, 1886-87, p. 112), which simply avers that at the
time of the decedent's death. "he owned without any incum-
brance a plantation which does not exceed 160 acres or two
thousand dollars in value," does not contain the necessary
statutory averments sufficient to confer jurisdiction upon the
probate court, and a decree rendered thereunder setting apart
the homestead is absolutely void since the statute requires
that the petition should allege that *all* the real estate left by
decedent does not exceed 160 acres in area and two thousand
dollars in value."

APPEAL from the Probate Court of Jefferson.
Heard before the Hon. J. P. STILES.

This was a proceeding by petition in the court below
to vacate a decree of said court rendered at a former
trial by which a homestead exemption was set apart
to a widow and minor children before administration.
The petition was filed by appellee, who alleges she is
an heir at law of the decedent. It was alleged and
the record in the probate court disclosed that the peti-
tion upon which the decree sought to be vacated was
based, contained only the following allegation as to the
real estate owned by the decedent at the time of his
death, to-wit: "He owned, without any incumbrance, a
plantation which does not exceed 160 acres, or two thou-
sand dollars in value." Upon the hearing of this peti-
tion a decree was rendered vacating and annulling the
former decree by which the homestead exemption was
set apart. From this decree appellants appeal, and as-
sign the rendition thereof as error.

JOHN W. CHAMBLEE, for appellants.

LANE & WHITE, *contra,* cited *Brooks v. Johns, Admr.,*
119 Ala. 412.

TYSON, J.—It is well settled that where a decree,
void for want of jurisdiction, has been rendered, the
court rendering it possesses the inherent power; and
should on motion, vacate said decree. It is a nullity

and the court may at any subsequent term vacate it. 3 Brick. Dig. 584, § 124. If not void, the court has no power to alter, vary or annul it after the expiration of the term at which it was rendered, except for clerical error or omission on evidence shown by the record. *Baker v. Barcliff*, 76 Ala. 414; *Buchanan v. Thomason*, 70 Ala. 401.

It is equally as well settled that where the court, whose jurisdiction is questioned, is one of limited jurisdiction, it must appear from the face of the proceedings that it has acted within the scope of its jurisdiction. In other words, no presumption is indulged, from the mere exercise of jurisdiction, of the existence of jurisdictional facts. They will not be inferred, but must affirmatively appear from the record.—*Pettus v. McLannahan*, 52 Ala. 55; *Joiner v. Winston*, 68 Ala. 129. To quote the language to be found in *Robertson v. Bradford*, 70 Ala. 387: "Nothing is presumed to be within the jurisdiction of a court of limited jurisdiction except that which is so expressly alleged and affirmatively appears from the record."

The jurisdiction of the probate court to set apart to a widow and minor children exemptions before administration, Code, § 2097; Code of 1886, § 2562, and Acts, 1886-7, p. 112), is conferred by statute alone and in the exercise of that jurisdiction it is a court of limited jurisdiction. It is necessary, therefore, that the jurisdictional facts affirmatively appear from the record.

The petition filed by the widow in this case, upon which the probate court acted and which is the basis of the decree entered by that court, is subject to the same infirmities as was the one in the case of *Brooks v. Johns, Admr.*, 119 Ala. 412. On the authority of that case, the proceedings here involved, must be held to be void. Being void, the court committed no error in vacating them.

Affirmed.