157 So. 226

### ALFORD et al. v. CLABORNE et al.
3 Div. 68.

Supreme Court of Alabama.
Oct. 18, 1934.

Rehearing Denied Nov. 8, 1934.

J. D. Hollis, of Birmingham, and Hugh M. Caffey, Jr., of Brewton, for appellees.

C. B. Fuller, of Andalusia, for appellants.

GARDNER, Justice.

We are persuaded—all other matters to one side as of no controlling importance—that the cross-appeal presents the meritorious question in the case, and one which determines the substantive rights of the parties.

The chancellor, in the first decree rendered, sustained demurrer to the bill, upon

the theory that the decree of the probate court setting aside exemptions to the widow of William Jackson, deceased, was valid and sufficient to vest in her the absolute title thereto under section 7948, Code 1923.

The bill alleges that in 1926 William Jackson died in Escambia county, Ala., owning and in possession of certain lands therein described, containing 200 acres, and that in August, 1928, his widow filed her petition for exemptions, describing 106 acres of land as owned by her deceased husband. A copy of the petition is made an exhibit to the bill, but its infirmities, so far as concerns the question here considered, are pointed out in paragraphs 10 and 11 of the bill, which appear in the report of the case.

The chancellor concluded that the averments of the petition were in substantial harmony with the language construed in Singo v. McGhee, 160 Ala. 245, 49 So. 290, and Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 917. But we are persuaded there is a marked distinction.

In the Singo Case, supra, the petition alleged "that said George Singo owned real and personal property located in this state and county at the date of his death, which *did not exceed in amount or value the exemptions allowed the widow*" (italics supplied), and in the Miller Case, supra, the averments were to like effect, "that the said Stephen Forrest owned at the time of his death real and personal property which does not exceed in amount and value the exemptions allowed by law in favor of the undersigned applicant."

But the petition here considered contains no such averments or anything even indicating such a conclusion, and clearly the majority opinion in the Singo Case was rested upon the language of the petition which appears above as italicized. The averments in the Singo and Miller Cases that the property owned by decedent at his death did not exceed in amount and value that allowed by law as exempt, were the equivalent of the statement that the real estate did not exceed 160 acres of land, the value of which was not in excess of $2,000. There is nothing in the present petition to supply the deficiency, and the above-noted cases cannot be relied upon to sustain its sufficiency. That such was a necessary jurisdictional averment of the petition, we think, is clearly established by our decisions.

In Brooks v. Johns, Adm'r, 119 Ala. 412, 417, 24 So. 345, 347, speaking of just such a defective petition, the court said: "The widow here made the application, but it did not contain the necessary averment without which

the court was without authority to proceed,— that the real property of decedent, at the time of his death, did not exceed the amount and value allowed to his widow, etc. This averment, which seems to have been industriously avoided, was jurisdictional."

And the decision in Chamblee v. Cole, 128 Ala. 649, 30 So. 630, is rested upon this authority; the holding being to the effect that, as the petition was lacking in this jurisdictional averment, the proceedings were void.

In Cogburn v. Callier, 213 Ala. 46, 104 So. 330, 333, is the following language, also here pertinent: "Where there has been no administration of the estate, and an independent petition is filed for allotment of homestead under the code sections referred to, the petition must show the facts prescribed by the statute, which are regarded as jurisdictional; and, in the absence of such a showing the decree will be void on its face. Miller v. Thompson, 209 Ala. 469, 96 So. 481, 483; Chamblee v. Cole, 128 Ala. 649, 30 So. 630."

And in Miller v. Thompson, 209 Ala. 469, 96 So. 481, 482, the following: "It is the settled law of this state that the court of probate when it proceeds to set apart and allot homestead exercises a special and limited jurisdiction, which only attaches when a petition is filed containing the necessary allegations." See, also, Chambers v. Chambers, 218 Ala. 192, 118 So. 385, and Williams v. Overcast, ante, p. 119, 155 So. 543.

▉ But it has been suggested that, as the probate decree recites that the petition did contain the jurisdictional averment, that sufficed and will sustain the proceedings. The recital in the decree is without support in the petition, and, as pointed out in the Singo Case, supra, the court being "without authority to proceed, the subsequent findings and recitals in the decree could not supply the absence of averments essential to its right to proceed with the case." See, also, Martin v. Martin, 173 Ala. 106, 55 So. 632. And this conclusion was reiterated in Keenum v. Dodson, 212 Ala. 146, 102 So. 230, 231, where the court, citing the Singo Case, supra, said: "Therefore if we construe the present bill as charging that the petition did not contain this essential averment, the probate court had no jurisdiction to render the decree in question, and the decree would be void notwithstanding its recital of jurisdictional facts." See, also, Martin v. Martin, 173 Ala. 106, 55 So. 632. This latter case is authority to the effect that, where there is ambiguity or uncertainty as to the language of the petition, the other proceedings, including the recitals of the decree, may be looked to in the proper interpretation

and construction thereof, but that, in the absence of such ambiguity, resort cannot be had to the recitals in the decree to supply the lack of jurisdictional averment in the petition. See, also, Miller v. Thompson, supra.

Nor do we consider the method of attack, whether direct or collateral, as of controlling importance. Illustrative is the case of Bryant v. Perryman, 213 Ala. 561, 105 So. 561, where the lack of jurisdictional averment in the petition was held fatal on collateral attack. This authority is in principle here directly applicable. The petition lacking the jurisdictional averment, the court was without authority to further proceed and the decree was void. See, also, Martin v. Martin, 173 Ala. 106, 55 So. 632; Anthony v. Anthony, 221 Ala. 221, 128 So. 440; Miller v. Thompson, supra, and Byars v. Town of Boaz, ante, p. 22, 155 So. 383.

In the case of Singo v. McGhee, supra, as well as that of Goodwin v. Sims, 86 Ala. 102, 5 So. 587, 11 Am. St. Rep. 21, cited therein, and to which the chancellor makes reference in his opinion, the petitions were not lacking in the jurisdictional averments, which seem to differentiate these cases from the one here considered.

It thus appears from our decisions this statute has uniformly been construed as requiring this jurisdictional fact to appear in the petition in order to validate the proceedings thereunder. With this settled and fixed construction, it has been brought forward into the Code of 1923 without change. There has been therefore a legislative adoption of such construction, as it is to be presumed that the statute was re-enacted in the light of the construction placed thereon by the court, and such construction becomes a part of the statute. Russell v. Thornton, 216 Ala. 60, 112 So. 347; Ex parte State ex rel. Davis, 206 Ala. 393, 90 So. 871; Compton v. Marengo County Bank, 203 Ala. 129, 82 So. 159; Boswell v. Slade, 207 Ala. 340, 92 So. 607; Morragne v. State, 201 Ala. 388, 78 So. 450; Harrington v. State, 200 Ala. 480, 76 So. 422; Wood-Dickerson Supply Co. v. Cocciola, 153 Ala. 555, 45 So. 192; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831.

We have not overlooked the change of the statute (section 5419, Code 1907) made by the Code commissioner, as disclosed in section 9579, Code 1923, discussed and given application in Blount County Bank v. Barnes, 218 Ala. 230, 118 So. 460, with reference to the matter of general jurisdiction of the probate court.

The subject-matter, however, here considered is not enumerated in this last-cited statute, and any reference thereto would rest upon the concluding paragraph which is by way of generalization only. But, as previously noted, the statute concerning this character of procedure forms a part of the same Code, and, as construed, required the jurisdictional averments to appear in the petition. This statute, as thus construed, is therefore not repealed, unless it be by implication.

It is of course well understood that repeal by implication is not favored, and that nothing short of an irreconcilable conflict between two statutes works such result. State v. White, 160 Ala. 168, 49 So. 78; City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159. Or, as otherwise expressed, both statutes will be permitted to stand if it can be done upon any reasonable construction. Ferguson v. Commissioners' Court of Jackson County, 187 Ala. 645, 65 So. 1028; City of Mobile v. Mobile Electric Co., 203 Ala. 574, 84 So. 816; Ex parte Jones, 212 Ala. 259, 102 So. 234.

We think it clear there is no such irreconcilable conflict between the statutes here involved, and, as the subject-matter of this particular statute (section 7948, Code 1923) finds no specific reference in the general statute (section 9579, supra), treated in Blount County Bank v. Barnes, supra, we conclude it was not the legislative intent to repeal or alter the former statute (section 7948, supra), as uniformly understood and construed.

Though not directly in point, yet we consider that the case of Fowler v. Fowler, 219 Ala. 453, 122 So. 440, as lending support to this conclusion.

The demurrer was therefore improperly sustained, and the cause should proceed upon the theory of the original bill as amended at the time of the decree on demurrer.

The assignments of error on cross-appeal are well taken, and the decree sustaining the demurrer to the bill is reversed, and the cause remanded to be proceeded with in accordance with the views herein expressed.

Let appellants be taxed with the costs of this appeal.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.