16 So.2d 863

**BOOZER et al. v. BOOZER.**

8 Div. 259.

Supreme Court of Alabama.

Feb. 24, 1944.

Proctor & Snodgrass, of Scottsboro, for appellants.

Hayes & Weeks, of Scottsboro, for appellee.

STAKELY, Justice.

This appeal is from a decree setting apart a homestead to appellee as the widow of John Henry Boozer, deceased, pursuant to § 694, Title 7, Code of 1940, § 7948, Code of 1923. The pertinent part of the petition is as follows: "That at the time of

the death of said decedent he was seized and possessed of the following described property, to-wit: The SE¼ of the NW ¼ and the SW¼ of the NE¼ of Section 6, Township 5 South of Range 7 East, Jackson County, Alabama, and containing 80 acres, more or less; that said above described land was subject to a mortgage to the Federal Land Bank of New Orleans in the approximate sum of $1200; that the above described real property does not exceed the amount exempted to the widow as provided under the laws of this State. Sixty days have elapsed since the death of said decedent, and there has been no administration on his estate."

■ Appellants take the position that the petition is fatally defective because it lacks, among other things, the jurisdictional allegation that the property does not exceed in value the exemption allowed in favor of the widow. Appellee argues that the averment "that the above described real property does not exceed the amount exempted to the widow as provided under the laws of this State" is jurisdictionally sufficient on the theory that the word "amount" refers to and includes both amount in value as well as amount in area. In the light of the statute, as construed by the decisions of this court, the position of appellants is correct. The word "amount" in the statute deals with area and not with value. The petition must be determined by the statute under which it is brought.

§ 694, Title 7 of the Code reads as follows: "When the property, real and personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow," etc.

■ Examination of the constitutional provision (§ 205 of the Constitution of 1901) and the statutes dealing with homestead rights of which § 694 is a part (§ 625 et seq., Title 7, Code), shows that homestead rights must be measured not only by value but also by area. Since the word "value" is used in § 694, the word "amount" in § 694 necessarily refers to area and not to value. Our decisions support this view. In the case of Williams v. Overcast, 229 Ala. 119, 155 So. 543, 546, this court said: "In declaring upon jurisdictional facts in Singo v. McGhee, 160 Ala. 245, 248, 49 So. 290, 291, under sections 2097 and 2100 of the Code of 1896 [Code 1940, Tit. 7, §§ 694, 697], it was said: 'The application must

be verified, and must set forth such facts.' What facts? The facts set out in the statute, as a matter of course: First, that the real and personal property owned by the decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children * * *."

In Hardy et al. v. Morgan, 238 Ala. 251, 189 So. 878, 879, this court said: "This petition was filed under the provisions of Section 7948 et seq. of the Code [Code 1940, Tit. 7, § 694 et seq.], and its averments were sufficient to quicken into exercise the jurisdiction of the probate court conferred by said Section 7949 of the Code. That is to say, the petition avers that said George Morgan departed this life in Cherokee County, Alabama, on or about June 17, 1938, leaving petitioner as his surviving widow; that he left no minor children surviving him; that the property, real and personal, owned by the decedent at the time of his death did not exceed in amount and value the exemption allowed by law in favor of his widow and minor children * * *."

In the case of Brooks v. Johns, Adm'r, 119 Ala. 412, 417, 24 So. 345, 347, this court said: "By the very terms of the statute under which the proceeding for homestead in this case was instituted, it is provided, as has appeared, 'when the property, real or personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemptions allowed in favor of the widow and minor child or children, or either,' etc., the probate court, 'upon the application of the widow * * *' must appoint commissioners and proceed to set apart the exemption. The widow here made the application, but it did not contain the necessary averment without which the court was without authority to proceed,—that the real property of decedent, at the time of his death, did not exceed the amount and value allowed to his widow, etc. This averment, which seems to have been industriously avoided, was jurisdictional; * * *."

In the case of Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 917, this court said: "The petition was filed under section 4224 of the Code of 1907 [Code 1940, Tit. 7, § 694]. So far as the estate of the decedent is concerned, the necessary jurisdictional averment is that the property owned by him at the time of his death 'does

not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children, or either.' "

Nor is the fatal lack of jurisdictional averment aided by the subsequent proceedings of the court. The judgment of the court is void.

"The court's jurisdiction not having been quickened into exercise in the mode provided by statute, its proceedings and judgment were void, and cannot be looked to to supply the omitted, essential jurisdictional averment." Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105, 106.

See also Alford v. Claborne, 229 Ala. 401, 157 So. 226; Keenum v. Dodson, 212 Ala. 146, 102 So. 230.

In view of the conclusion reached, it is not necessary to consider assignments of error raising other questions.

 Since the judgment of the probate court is void, it will not support an appeal. This court will ex mero motu dismiss the appeal. Gunter v. Mason, 125 Ala. 644, 27 So. 843; Bowen v. Holcombe. 204 Ala. 549, 87 So. 87; Klein v. Jefferson County Building & Loan Association, 239 Ala. 460, 467, 195 So. 593.

Appeal dismissed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.