38 So.2d 557

**CARTER et al. v. CARTER et al.**

8 Div. 442.

Supreme Court of Alabama.

Dec. 16, 1948.

Rehearing Denied Feb. 17, 1949.

Scruggs & Grass, of Guntersville, for appellants.

Marion F. Lusk, of Guntersville, for appellees.

SIMPSON, Justice.

This is a proceeding in equity by the heirs of S. D. C. Carter, intestate, to vacate and annul certain proceedings in the probate court which purported to allot and set apart to Mrs. Jane Carter, his widow, the homestead as exempt to her in fee simple and to declare the rights of the heirs (the plaintiffs) and the other parties to the litigation and to sell the land for division.

No question of laches in invoking the aid of equity is involved. The intestate died in 1935. The proceedings were undertaken by the widow in 1945 and this cause instituted soon thereafter.

There is an entire absence of averment in the homestead proceedings petition, and indeed the record in the probate court nowhere shows, whether or not the decedent was survived by any minor children.

The probate court, in setting apart exemptions to the widow and minor child or children, acts as a court of limited jurisdiction and such jurisdiction attaches only when the petition filed contains the necessary jurisdictional allegations. "No presumption will be indulged from the mere exercise of jurisdiction or from the existence of jurisdictional facts. They will not be inferred but must affirmatively appear." Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147, 152; Chamblee et al. v. Cole, 128 Ala. 649, 30 So. 620; Cogburn et al. v. Callier et al., 213 Ala. 46, 104 So. 330; Alford v. Claborne, 229 Ala. 401, 157 So. 226; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863; Miller v. Thompson, 209 Ala. 469, 96 So. 481.

Without the necessary jurisdictional averments in the petition, the court is "without authority to proceed, [and] the subsequent findings and recitals in the decree could not supply the absence of averments essential to its right to proceed with the case." Singo v. McGehee, 160 Ala. 245, 249, 250, 49 So. 290, 291.

Specifically, as regards the question now considered, it was declared in the above Craig v. Root case, in line with previous decisions there cited, that one of the jurisdictional averments essential in such cases, as a predicate for the court to proceed with the hearing, is that the petition should affirmatively show whether or not the decedent was survived by a minor child or children and that where an application filed

to have homestead set apart to the widow did not aver that at the time of decedent's death he was not survived by minor children, a decree of the probate court based on the application is void for lack of jurisdiction (9th Headnote and 247 Ala. 484, 25 So.2d 152).

■ This case further pointed out that a decree based on a petition so defective was an absolute nullity and would not even support an appeal, since the appellate court could acquire no jurisdiction to entertain the appeal, even by consent of the parties (247 Ala. 484[12] 25 So.2d 152).

The essentiality of such an allegation in the petition has been stressed in other cases, such as in Buchannon v. Buchannon, 220 Ala. 72, 75, 124 So. 113, 115, where it was said:

"It was proper, and indeed it was the duty of the petitioner, to set forth all these facts [showing who were minors at decedent's death], and it was the duty of the court to judicially determine the same in order that the true estate of the widow should appear. Keenum v. Dodson, 212 Ala. 146, 102 So. 230."

There may have been some equivocal statements in one or two previous decisions on this precise question, and realizing the stringency of the rule—always applicable to courts of limited jurisdiction—the matter had the most serious consideration of the court before the deliverance in Craig v. Root, supra. That holding is direct and certain, however (a virtue in judicial craftsmanship to be commended), and is well supported by the authorities there appearing. This time the whole court, sitting en banc, has given further study to the question and is reaffirming that holding. The matter must now be regarded as set at rest.

■ The conclusion, therefore, is that for this fatal absence of jurisdictional averment in the petition to allot exemptions, the decree of the trial court annulling the said probate proceedings and cancelling the deeds from Mrs. Carter and the Washingtons, purporting to divest the heirs of their interest in the property, must be sustained.

The trial court rested decision on the ground of a fraudulent breach of trust in regard to an alleged agreement between the widow and the heirs as to a settlement of the property rights between the parties, on authority of Lester v. Stroud, 212 Ala. 635, 103 So. 692, but the view we have taken likewise affirms the decree of the trial court and makes it unnecessary to enter into a discussion of the principles which might govern that state of facts.

It remains to consider the matter of subrogation argued on cross-appeal.

After the ineffective proceedings in the probate court to vest Mrs. Carter with a fee simple title, she conveyed to the Washingtons for their agreement to support and maintain her, and thereafter the three conveyed to appellant Horton the property for a named consideration. Horton, after receiving his deed, paid off a federal land bank mortgage encumbering the property, which had been executed by the decedent in his lifetime—a debt which the estate owed and which was outstanding against the property.

■ The doctrine of subrogation "is not dependent on contract, but is the creature of equity designed for the promotion of justice" (Ohmer v. Boyer, 89 Ala. 273, 280, 7 So. 663, 664), and application of the remedy depends on the facts in each particular case. Duke v. Kilpatrick, 231 Ala. 51, 163 So. 640.

■ The doctrine may be invoked in a relation where "the payment is to be regarded as by or on behalf of a person who had some interest in the premises." 60 C.J. 712, § 24.

■ In 9 Thompson on Real Property, Rev.Ed., § 5053, pp. 513, 514, is the following pronouncement which is instantly apposite:

"One who has paid a debt under a colorable obligation to do so, in order that he may protect his own interest, or under an honest belief that he is bound, is entitled to be subrogated; and where one pays a debt in good faith believing that he has an interest to protect, he will be subrogated although he be mistaken in such belief."

■ Here the estate lands were encumbered by the mortgage executed by Mr.

Carter in his lifetime and enforceable against the property. The deed which Horton received from Mrs. Carter had the effect of conveying to him her interest and it was within his rights to accomplish satisfaction of this encumbrance for the protection of his own interest, under which circumstances "he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to rights of the mortgagee to the extent necessary for his own equitable protection." 4 Pomeroy, Equity, § 1212, p. 638; Ohmer v. Boyer, supra, 89 Ala. page 280, 7 So. 663. The principle denying the remedy in Duke v. Kilpatrick, supra, on the theory that the payment there made was voluntary by one primarily liable for the debt, should not be extended to cover the situation here pertaining. In the case at bar whatever the relationship as regards principal and surety may have obtained between Mrs. Carter and Horton, there was no primary and absolute liability on the part of Horton to pay the mortgage debt in so far as the joint owners of the property were concerned. There was no relation of principal and surety between Horton and the estate or the appellee heirs, and we do not find in this case that culpable negligence (cf. Cobb v. Dyer, 69 Me. 494, 499) as was spoken of in the Duke case to here preclude Horton from the remedy by this partial rescue from his unfortunate plight.

Under the following authorities, we think the remedy of subrogation was available: Bain v. Howell, 247 Ala. 514(3, 4), 25 So. 2d 167; Ohmer v. Boyer, supra; Winston v. McAlpine, 65 Ala. 377; Newbold v. Smart, 67 Ala. 326; 60 C.J. 725; 9 Thompson on Real Property, supra; Muir v. Berkshire, 52 Ind. 149; Sheldon on Subrogation, 2d Ed., p. 49, § 30, and cases cited in note 8; 50 Am.Jur. 739, 740, § 94, 742, § 97.

It is proper to point out as regards this matter of subrogation that the lien of the Federal Land Bank mortgage and the heirs' contribution toward the payment thereof is only enforceable to the extent the heirs' interest in the land bears to the whole estate, the widow's interest, now owned by appellant, being likewise chargeable rateably to the extent that interest bears to the entire fee.

With the modification last above referred to, the decree of the trial court is affirmed.

Modified and affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.