BROWN, LIVINGSTON, LAWSON and SIMPSON, JJ. concur.

49 So.2d 314

### SIMPSON et al. v. SIMPSON.
### I Div. 392.

Supreme Court of Alabama.
Oct. 12, 1950.

Rehearing Denied Dec. 14, 1950.

Wm. G. Lindsey, of Chatom, for appellants.

Granade & Granade, of Chatom, for appellee.

BROWN, Justice.

This is a proceeding instituted by Sallie Simpson, a resident of Washington County, Alabama, in the Probate Court of said county on October 4, 1948, under the provisions of § 694, Title 7, Code of 1940, as amended, to have the homestead occupied by petitioner and her husband Henry J. Simpson, deceased, up until the time of his death on December 10, 1941, set apart as exempt to her as provided by said §§ 663–697, Title 7, Code of 1940.

The petition follows the prescription of the statute to the effect that more than sixty days have elapsed since Simpson's death and there has been no administration on his estate, gives the names and addresses of the next of kin and heirs at law and avers that they are all *sui juris,* and further "That the only real property the said decedent owned at the time of his death was the homestead upon which he and petitioner resided at the time of decedent's death *(and a lot in Indianapolis, Indiana),* the said homestead being described as follows:

"East half of the Northeast Quarter of Northwest Quarter and the west half of the Northwest Quarter of the Northeast Quarter and the west Half of the Southwest Quarter of the Northeast Quarter and Southeast Quarter of Northwest Quarter and the East half of the Southwest Quarter of Northwest Quarter, Section 33, Township 4, North, Range 4 West.

"That said property, real and personal, owned by decedent at the time of his death does not exceed in value the sum of Two Thousand Dollars or in area the 160 acres which is allowed as exempt in favor of his widow."

The court appointed two commissioners to appraise the property and set apart to the widow said property, if it did not exceed in value two thousand dollars or in area 160 acres, such exemption and report to be filed with the court. The commissioners filed their report stating, "That the only real estate owned by decedent was, so far as commissioners were able to ascertain, consist of a dwelling house and land in Washington County, Alabama, described as follows" (describing the real estate as hereinabove set out.)

The commissioners' report further stated:

"That said real property was occupied by Henry Simpson as a homestead at the time of his death, and was of less value than the sum of two thousand dollars ($2,000) and in area less than 160 acres.

"That decedent left no personal property of any value.

"Wherefore, your commissioners further report that pursuant to the mandates of the commission issued to them, and in accordance with the law in such case made and provided they do hereby set apart the above described real estate to Sallie Simpson the widow of the decedent Henry Simpson as exempt from administration and the payments of debts. * * *."

The report of the commissioners was received by the court and filed November 20, 1948, and ordered to lie over until December 20th, 1948, for exception and notice thereof issued to all the adult heirs who appeared and filed exceptions on December 9, 1948, alleging, in substance and legal effect that the homestead property was of the value of $3,000; that the commissioners were not qualified to act; that they were not disinterested persons; that the commissioners did not appraise the property and state its value; that said exemptions should not be allowed because the widow "entered into or continued in possession and use of all of the land * * * under an agreement with the heirs and next of kin of deceased Henry Simpson * * * that the said land should come to them at her death."

The probate court after hearing the testimony of fifteen witnesses given *ore tenus* entered a final decree overruling said exceptions to the report of the commissioners and entered the following decree.

"The Court is of the opinion that a preponderance of the testimony, after having heard the witnesses testify orally, is to the effect that the lands hereinafter described were at the time of the death of the said Henry Simpson worth less than $2,000.

"It is, therefore, ordered, adjudged and decreed by the Court:

"1. That the East Half of the Northeast Quarter of Northwest Quarter and the west half of the Northwest Quarter of the Northeast Quarter and the West Half of the Southwest Quarter of the Northeast Quarter and Southeast Quarter of Northwest Quarter and the East half of the Southwest Quarter of Northwest Quarter, section 33, Township 4 North, Range 4 West, Washington County, Alabama be, and the same hereby is, set aside in fee simple to Sallie Simpson, the widow of

Henry Simpson, deceased, as her homestead, and,

"2. That the costs of this proceeding be, and the same hereby are taxed against the Petitioner, Sallie Simpson, for which execution shall issue."

The petition filed by the widow does not allege that the decedent at the time of his death resided in Washington County, Alabama, nor does it allege that the property was situated in said county and that the decedent left no minor children.

Section 663, Title 7, Code of 1940 provides: "When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned *in this state* by the decedent at the time of his death, the title of such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not; but the title to the homestead shall not vest absolutely in them as against the other heirs of decedent until it is so set apart and until it is judicially determined that it is all the real estate owned by the decedent, and that it is not of greater value than two thousand dollars; * * *." [Italics supplied.]

 Sections 694 and 697, Title 7, Code of 1940, prescribing the procedural law, are in *pari materia* with § 661 and § 663 and these sections must be construed together as one system of law in respect to such proceeding. The jurisdiction is conferred on "the probate court of the county in which [decedent] resided at the time of his death". The proceedings authorized by section 694, supra, are statutory and limited and therefore the application or petition must state the essential jurisdictional facts. Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863; Craig v. Root, 247 Ala. 479, 25 So.2d 147.

 The decree does not judicially ascertain and adjudge that the lands, the subject-matter of the proceedings, are all the lands owned by said decedent at the time of his death and is, therefore, inefficacious to vest the title in the widow as against the adult heirs. Code of 1940, Title 7, § 663. The erroneous omission last pointed out might be corrected here

or by remandment to the probate court for such purpose, but for the failure of the application to state the essential jurisdictional facts, which renders the entire proceeding void. The widow under her quarantine rights is entitled to the possession of the homestead until her exemption and dower rights have been ascertained and set apart. Thompson v. Bryant et al., 251 Ala. 566, 38 So.2d 590.

The proceedings and decree of the court being void for want of jurisdiction as above pointed out, the widow may renew her application to the probate court to have her exemptions set apart.

The decree appealed from is void and the appeal must be dismissed. Craig et al. v. Root, 247 Ala. 479, 25 So.2d 147; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863.

Appeal dismissed.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.

## On Rehearing.

BROWN, Justice.

Counsel for appellee in the application for rehearing state, "We admit that the original petition was rather loosely drawn, and that all the attorneys in the case are at fault for permitting the cause to be submitted on this original petition. We plead guilty to carelessness, but we respectfully submit to the Court that there are sufficient allegations in the original petition, taken in connection with the caption thereof, and the entire body of the petition, to show that the homestead was located in Washington County, Alabama and we call attention of the Honorable Court to the fact that no where else in the State of Alabama is there the exact Governmental Sub-Divisions as described in this petition, except in Washington County, Alabama. We take it that the Court will take judicial knowledge of this fact. We therefore respectfully submit that the cause should be remanded to the Probate Court of Washington County, Alabama, for the correction of the final decree."

 Conceding the fact as stated and that the pleading may be aided by ju-

dicial knowledge, State ex rel. Glenn v. Wilkinson, 220 Ala. 172, 124 So. 211; Chambers v. Ringstaff, 69 Ala. 140, this would not supply the necessary jurisdictional averment "that the decedent at the time of his death resided in Washington County, Alabama, * * * and that said decedent left no minor children."

█ In the opinion heretofore promulgated the provision of the statute providing for the exemption of a homestead *for the widow and minor children* provides for and deals only with "all the real estate owned in this state by the decedent." Land owned elsewhere by the decedent is not within the contemplation of the statute and is without importance on the proceedings and the court's jurisdiction.

The application for rehearing is, therefore, overruled.

LIVINGSTON, LAWSON and SIMPSON, JJ., concur.