54 So.2d 498

**WALTON et al. v. WALTON et al.**

7 Div. 115.

Supreme Court of Alabama.

Oct. 11, 1951.

Wales W. Wallace, Jr., Columbiana, for appellants.

Paul O. Luck, Columbiana, for appellees.

SIMPSON, Justice.

This proceeding was instituted by independent petition of Lula Walton, widow of Henry Walton, to have set aside to her in fee simple ten acres of land in Shelby County as her homestead, pursuant to the exemption laws of the state. Code 1940, Title 7, § 694. From a decree in her favor the heirs have appealed.

The petition sets forth that her husband died in Shelby County in 1934; that no administration was had on his estate; that he left no minor children; and "that at the time of the death of said decedent, *he owned real estate in Shelby County, Alabama, not exceeding in value two thousand dollars, and in area one hundred sixty acres (160);* and that there has been no exemption of real or personal property set apart to your petitioner as said widow; at the time of the death of said decedent, he owned the following described real estate in Shelby County, Alabama, to-wit: ten (10) acres of land in the Southeast corner of the Southwest Quarter of the Southeast Quarter of Section 3, Township 19, Range 2 East, and the North Half of the Northeast Quarter of the Northeast Quarter of Section 10, Township 19, Range 2 East, all in Shelby County, Alabama." (Emphasis supplied.)

■ It is manifest that one jurisdictional prerequisite is omitted from the allegations, which makes the proceeding void. That is, the petition fails to negative the ownership of any other real estate by the decedent at his death. It could be that in addition to the land in Shelby County, which did not exceed the amount and value allowed the widow as exempt, there were other lands elsewhere in the state as well, thereby disentitling the widow to the exemption claimed and allowed. Alford v. Claborne, 229 Ala. 401, 157 So. 226; Brooks v. Johns, 119 Ala. 412, 24 So. 345; Chamblee v. Cole, 128 Ala. 649, 30 So. 630.

The allegations in the instant petition are distinguishable from that in Singo v. McGehee, 160 Ala. 245, 49 So. 290, and others cited by appellee, since in those cases the petition did negative the fact of ownership by decedent of any other lands except that sought to be set aside as exempt. The instant case is ruled by such cases as Alford v. Claborne, Brooks v. Johns, and Chamblee v. Cole, first hereinabove cited.

■ The jurisdiction of the probate court to act in the premises is statutory and limited, and it must appear from the face of the proceeding that it has acted within the scope of that jurisdiction. Nothing is

238

presumed. The mere exercise of jurisdiction by the court or the existence of jurisdictional facts later appearing in the proceeding without the necessary jurisdictional averments in the petition will not aid the proceeding or give it validity. Carter v. Carter, 251 Ala. 598, 38 So.2d 557; Chamblee v. Cole, supra.

■ It is perhaps also well to notice in passing that the court appears to have misapprehended the proper criterion of determining the value of the alleged homestead. The report of the commissioners fixed the value as of the time of their report and likewise the decree of the court adjudicated that the "lands do not exceed in area 160 acres or $2000.00 in value," indicating that fixation of value was rested on a misapprehension. The value of the real estate to be allotted to the widow and set apart to her must be ascertained as of the date of the decedent's death. Alford v. Claborne, supra; Matthews v. Matthews, 253 Ala. 116, 43 So.2d 131.

The proceeding and decree of the court being void for want of jurisdiction requires that the appeal be dismissed. Simpson v. Simpson, 254 Ala. 648, 49 So.2d 314; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863.

■ The probate court has inherent power, upon proper motion, to vacate the void decree. Chamblee v. Cole, supra.

Appeal dismissed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.