66 So.2d 762

**FORBES et al. v. SUMMERS et al.**

**7 Div. 123.**

Supreme Court of Alabama.

June 30, 1953.

Ross Blackmon, Anniston, for appellants.

Merrill, Merrill & Vardaman, Anniston, for appellees.

## PER CURIAM.

The question here in controversy is whether a petition to set apart a homestead to the widow under section 694, Title 7, as it appears in the Code of 1940, is sufficient to have conferred jurisdiction on the probate court to do so.

In this case a bill was filed in equity by some of the children of the decedent against others for a sale of the homestead for division, making as parties respondent the successors in interest of it from the widow, and seeking to have the title claimed by the widow and her successors resulting from that proceeding held to be void for want of

jurisdiction of the probate court. Such successors demurred to the bill, in substance for present purposes, that the bill does not show the alleged absence of jurisdiction and invalidity of the proceeding. The trial court overruled that demurrer, and respondents have appealed.

The said widow is now dead and, therefore, if she only had a life interest in the property, that right is not now important.

The bill points out the absence of jurisdictional allegations as follows: (1) That decedent, Ben W. Weir, was at the time of his death a resident of Calhoun County, Alabama; (2) that he was not survived by minor children; and (3) that more than sixty days had elapsed after the death of said decedent—there having been no administration.

In order to understand the exact nature of the insistence, it is necessary to set out in extenso a copy of the petition to the probate court seeking to invoke the benefit of section 694, supra. It is as follows:

"Probate Record
Book 23 Page 145
"The State of Alabama
County of Calhoun
                    Petition of Maggie Weir
                    Homestead Exemption
In the Probate Court of Said County
"To the Honorable S. E. Boozer, Judge of said Court:

"Comes Maggie Weir and respectfully shows to the Court as follows:

"1. That she is a resident of said County and State, and over the age of twenty-one years; that she is the surviving widow of the hereinafter named decedent, and as such filed this petition to assert her homestead rights in the following described property.

"2. That on to wit: the 24th day of May, 1946, Ben W. Weir died in said County and State, seized and possessed of the following described property situated in said Calhoun County, in the State of Alabama, to-wit:

"Lots 19 and 20 in Block 224—

"Lot 19 of Buxton's addition as in plot thereof recorded in the office of the Judge of Probate for Calhoun County, Alabama. Said lot being thirty-five feet front on Alboin Street and running back equal width to an alley.

"Lot 20 in Block 224—running thirty-five, more or less, on the west side of Alboin and running back 110 feet on the south line and 95 ft., more or less, on the north line as de*signed* on the map of Anniston City Land Co., of Anniston, Alabama.

"Both of said lots constituting the homestead of said Ben W. Weir at the time of his death.

"The said property is all of the real estate owned by decedent at the time of his death in Alabama or elsewhere. Said property is of the value of less than $2,000.00 and less in area than 160 acres, and was occupied or claimed by said decedent as his homestead at the time of his death.

"3. Said decedent left surviving him as his widow your petitioner, Maggie Weir, and the following children, being his only heirs at law, whose names, ages and places of residence are as follows, to wit:

"Catherine Camelia Weir of the age of over 21, Anniston, Alabama, residing temporarily at Kodiac, Alaska, P.O.B. 1234.

"Georgia Mae Summers of the age of over 21, 6154 Evans Avenue, Chicago 37, Illinois.

"Marquita Brown of the age of over 21, 5217 North Kenneth, Chicago 30, Illinois.

"Caridad Summers of the age of over 21, 64 Edgecomb, New York 20, New York.

"4. That (there) has been no administration upon the estate of said decedent, Ben W. Weir.

"The premises considered, petitioner prays that your Honor will assume jurisdiction in the premises and enter an appropriate order, judgment or decree of the court appointing commissioners, directing them to make a complete inventory of all the real estate and personal property of said decedent as

274

provided by law in such cases, and that upon a hearing of this application and the report of said commissioner, that your Honor will enter an order, judgment or decree setting aside said real estate to the petitioner as the surviving widow of the decedent, Ben W. Weir, to have and to hold the title to said property absolutely in her own name and behalf, there being no minor children as heirs at law of said decedent.

"Ross Blackmon
Attorney for Petitioner
Maggie Weir

"State of Alabama
Calhoun County

"Personally appeared before me the said Maggie Weir, who being by me duly sworn deposes and says that the statements contained in the foregoing petition are true.

"Given under my hand this the 25th day of July, 1946.

"Ross Blackmon
Notary Public

"Filed in Probate Court
25th day of July, 1946.

S. E. Boozer, Judge of Probate Court."

The case most nearly in point here material is that of Simpson v. Simpson, 254 Ala. 648, 49 So.2d 314, in which the Court held that the petition filed under section 694, supra, was not sufficient, in failing to allege that decedent resided in Washington County, Alabama, and that decedent had no minor children, or if he had any such children in not so alleging. The petition was not set out in full in the report of the case. We think it is material here to do so, and it is as follows:

"In the Probate Court of Washington County, Alabama

October 18, 1948

"In the Matter of
Henry Simpson, deceased.

"To the Honorable John G. Kimbrough, Judge of the Probate Court for Washington County, Alabama.

"Your petitioner, Sallie Simpson, a resident of Washington County, Alabama, respectfully shows unto your Honor as follows:

"1. That she is the widow of Henry Simpson, who died on to wit the 10 day of December, 1941 in Washington County, Alabama; that more than sixty days has lapsed since his death; that no administration upon his estate has been granted.

"2. That the heirs and next of kin of said decedent, so far as known to your petitioner, are as follows:

"A son, J. B. Simpson, who is about twenty one years of age and whose address is 2256-E-74 Street, Cleveland, Ohio.

Levi Simpson, General Delivery, Plateau, Alabama, a son who is above twenty one years of age.

Zatic Simpson, a son, who is above twenty one years of age and whose address is General Delivery, Plateau, Alabama.

Jerome Simpson, a son, who is above twenty one years of age and whose address is Vinegar Bend, Alabama.

Willie Leroy Simpson, a son, who is above twenty one years of age and who resides at 707 North California Street, Indianapolis, Indiana.

"3. That the only real property the said decedent owned at the time of his death was the homestead upon which he and petitioner resided at the time of decedent's death (and a lot in Indianapolis, Indiana), the said homestead being described as follows:

"East Half of the Northeast Quarter of Northwest Quarter and the West Half of the Northwest Quarter of the Northeast Quarter and the West Half of the Southwest Quarter of the Northeast Quarter and Southeast Quarter of Northwest Quarter and the East Half of the Southwest Quarter of Northwest Quarter, section 33, Township 4 North, Range 4 West.

"4. That said property, real and personal, owned by decedent, at the time of his death does not exceed in value the sum of two thousand dollars or in area the 160 acres which is allowed as exempt in favor of his widow.

"Wherefore, the premises considered, petitioner prays that your Honor will appoint two commissioners to make and file a full and complete inventory and appraisement of the real and personal property, describing the property and stating the value of each item or parcel thereof; and in estimating the value of such property or any part thereof; if the same be held in pledge or under mortgage or other lien or encumbrance created prior to the death of the decedent, such encumbered property be valued at only the excess of its value over and above the sum of such liens or other encumbrances.

"Petitioner further prays that if such commissioners find that the real and personal property does not exceed in value or area the exemptions allowed by law in such property, that the commissioners be directed to set apart the same to your petitioner as exempt from administration, and within ten days thereafter return to the court the inventory and appraisement with a report of their actions in the premises.

"Petitioner further prays that your Honor will judicially ascertain and determine all the jurisdictional facts herein; that the real property so set apart by the commissioners is all of the property owned by the decedent at the time of his death and that your Honor will make and enter a decree vesting the title to such real property absolutely in your petitioner.

"Sallie Simpson
Petitioner

"Subscribed and sworn to before me on this the 24th day of October, 1948.

"Edward P. Turner,
Notary Public, Washington
County, Alabama

"Filed Oct. 25, 1948
J. G. Kimbrough."

The Simpson case in holding that the petition must allege that decedent was a resident of the county and state when he died and that it was jurisdictional had no precedent to support it for it had never been asserted before. The statute, section 694, supra, does not so provide. But that statute only fixes the venue of the proceeding to be the county in which decedent resided at the time of his death. Such residence is not one of the facts of which the probate court must be apprised by the petition, and on which the right accrues. Section 661, Title 7, Code, referred to in the Simpson case, does not mention residence of decedent in the county, but provides for an exemption right out of the estate of a resident of this State when he died. The Simpson case was heedless of the holding in Singo v. McGehee, 160 Ala. 245, 49 So. 290, on rehearing 160 Ala. at page 252, 49 So. at page 292, in which the majority of the Court held that the residence in the county and state at the time of his death was not a jurisdictional fact to be averred in the petition and it was sufficient if said fact was ascertained and set out in the decree. The same decree considered in that case came before the Court in McGehee v. Parker, 161 Ala. 669, 49 So. 1039, and it was affirmed on the authority of the Singo case, supra; and the same case was again before this Court in Singo v. Fritz, 165 Ala. 658, 51 So. 867, where the opinion on former appeal was not controverted.

The case of Williams v. Overcast, 229 Ala. 119, 156 So. 543, in naming the essentials of such a plea cites the Singo case on both appeals as holding that it is not necessary to allege the residence of decedent. And in the case of Wright v. Fannin, 229 Ala. 278, 156 So. 849, the Court enumerated the essentials of such a petition and did not name residence as one.

In the case of Hardy v. Morgan, 238 Ala. 251, 189 So. 878, the petition did not allege the residence of decedent at the time of his death, and the Court held it sufficient to confer jurisdiction and did not mention that as a defect. And in the case of Walton v. Walton, 256 Ala. 236, 54 So.2d 498, there was a petition under section 694, supra, which did not allege the residence of decedent, and the Court noted one defect in the failure to allege sufficiently that the described homestead was the only land he owned.

Since the case of Singo v. McGehee, supra, first and second appeals, we doubt if any one thought enough of the contention to make the point. That case and the others, supra, were outstanding and had not been criticized when the petition in the instant case was filed in 1946. The Singo case was decided in 1909. Since that time the Codes of 1923 and 1940 had reenacted the statute before the instant petition was filed.

The decree of the probate court in the instant case is attached as an exhibit to the bill and shows that it was made to appear to the court that Ben W. Weir (the decedent) was a resident citizen of the State of Alabama, along with the facts necessary to satisfy section 694, supra. It does not appear that the court found him to be a resident of Calhoun County, but did find the land to be in that county and that he occupied it as a homestead at the time of his death. To illustrate the thought that the name of the county mentioned in section 694 is one of venue, we observe that section 28, Title 34, Code, provides that divorce suits must be brought in certain described counties dependent upon residence. This has been held to be venue and can be waived. White v. White, 206 Ala. 231, 89 So. 579; Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685.

We think that while residence of decedent in Alabama is necessary for the exemption to be available, it is not jurisdictional to allege it in the petition as declared in the cases cited supra, but, if not so alleged, it is necessary for the decree of the court to make a finding to that effect. But residence of decedent in the county where the petition was filed is a venue provision and is waived if objection is not duly made. The decree recites that notice was given and no objection was made to the report of the commissioners. If there was improper venue it was waived. That status does not serve to avoid the proceeding, and we think the case of Simpson v. Simpson, supra, should not be relied on as conclusive of that contention or as a precedent in respect to the effect of the absence of an allegation of the residence of decedent.

It is next insisted that the petition to the probate court did not confer jurisdiction because it did not allege whether decedent left any minor children at the time of his death. As to that, a copy of the petition, which we have set out, alleges that "said decedent left surviving him as his widow your petitioner, Maggie Weir, and the following children, being his only heirs at law, whose names, ages and places of residence are as follows, to wit". It then names the four persons who are claiming the land in this suit by succession to decedent, and alleges as to each that he is "of the age of over 21". The prayer of the petition, among other things, prays for a decree setting aside said real estate to her as the surviving widow, "there being no minor children as heirs at law of said decedent".

It is well settled now that a petition without averments as to minor children does not confer jurisdiction. Keenum v. Dodson, 212 Ala. 146, 102 So. 230; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Carter v. Carter, 251 Ala. 598, 38 So.2d 557; Simpson v. Simpson, 254 Ala. 648, 49 So.2d 314.

In the Craig and Keenum cases, supra, there was no averment which could be construed to mean that there were no minor children. In the Simpson case the allegations in the petition in that respect were "that the heirs and next of kin of said decedent, so far as known to your petitioner, are as follows". The names of five persons are then set out alleging as to each that he is over twenty-one years. That petition was filed about seven years after decedent died. There is no positive statement in that respect but only so far as known to petitioner. It was held to be insufficient.

In the case of Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 917, the petition alleged that decedent "owned at the time of his death real and personal property which does not exceed in amount and value the exemptions allowed by law in favor of the undersigned applicant, as follows" (describing it). This was held to be a sufficient negation of the ownership of any property in excess of that amount. This is emphasized here to show that it is

not necessary to use the words of the statute provided the words used have the required meaning.

The petition in this case naming persons and alleging that they are "of the age of over 21" and are the only heirs at law which decedent left surviving, and alleging in the prayer that there were no minor children left by decedent, necessarily means to allege that he left surviving no minor children.

The next contention is that the petition is not explicit in alleging or showing that no administration was granted on decedent's estate within sixty days after his death. It alleges that he died "on to wit the 24th day of May 1946", and that there has been no administration upon the estate of decedent. The petition was filed July 25, 1946. If he died on the 24th of May, an allegation made on the 25th of July that there has been no administration would show that there was no administration "within 60 days after his death". Excluding the first day, that is the day of his death May 24, 1946, July 24th would be the sixtieth day. So that, an allegation made on the sixty-first day that no administration had then been granted is an allegation that none had been granted within sixty days. But the contention is that the petition does not allege that he died on the 24th day of May 1946, but that he died "on to wit" that date. Therefore, that it is not positively stated that no administration had been granted within sixty days after his death, because "to wit" means on or about that date. But the principle further is that "A videlicet will not avoid a variance or dispense with exact proof, in an allegation of a material matter". Independent Life Ins. Co. v. Vann, 24 Ala.App. 93, 130 So. 520 (13), 523; 71 C.J.S., Pleading § 539, p. 1106. The date of decedent's death is a material matter and made so by the statute prescribing sixty days after his death for the appointment of an administrator. Compare, Hardy v. Morgan, supra; Headen v. Headen, 171 Ala. 521 (9 and 10), 54 So. 646.

Appellant has also undertaken to appeal from a decree holding that a special plea is insufficient, and has assigned that decree as error. But such practice is not now authorized. Bullen v. Bullen, 231 Ala. 192, 164 So. 89.

The decree of the trial court should be reversed and a decree here rendered sustaining the demurrer, and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.