114 So.2d 245

Berry DURHAM et al.

v.

Bill MIMS et al.

5 Div. 700.

Supreme Court of Alabama.

Aug. 20, 1959.

A. B. Foshee, Clanton, for appellants.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellees.

SIMPSON, Justice.

This appeal is from an interlocutory decree overruling a demurrer to a bill in equity. The complainants are collateral heirs at law of one Bill Mims, deceased, one of them a brother and the others nephews and niece of decedent. The purpose of the bill is to set aside a decree of the probate court granting the application of the widow of the decedent to have the homestead of decedent set apart to her under Code 1940, Tit. 7, § 694, and to cancel a deed thereafter made by the widow to the respondents Durham, conveying the homestead property. The Durhams are made respondents to the bill along with some twenty other parties alleged to be descendants of deceased brothers and sisters of the decedent. These latter are alleged to be joint heirs of decedent and joint tenants with complainants. As an incident to the main purpose of the bill there is a prayer for sale of the property for division among the joint owners or tenants in common.

The bill is conceded to be a collateral attack upon the decree of the probate court, is so denominated in appellees' brief, and alleges that the decree is void on its face for that the application of the widow failed to set forth the names, condition and residence of the heirs of the decedent other than the minor children of the decedent, as required by § 694, supra.

The application of the widow is made an exhibit to the bill. It is not questioned that the application—with the single ex-

ception noted—strictly follows the statute. It alleges that the real or personal property owned by decedent at the time of his death does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children or either; that no administration had been granted on his estate within sixty days after his death; that he left surviving him his widow, the applicant, and no children, no children having been born to him. No reference is made to heirs other than children.

Also exhibited is the order of the judge of probate appointing commissioners to make a full inventory and appraisement of the real or personal property, or both, of such decedent, as required by the statute. On the filing of report by the commissioners April 3, 1957, the judge of probate ordered it be recorded and lie over for exceptions and objections thereto until May 6, 1957; and that notice of such filing and of the day set for hearing and confirmation of the report "be given to each of the heirs whose names are listed in the original petition filed in this cause". The report of the commissioners found, among other things, that the property owned by decedent at the time of his death was of amount and value less than the exemption allowed, describing such property and fixing its area and value, and further, that the decedent had left surviving only his widow and no children, and that the property should be set apart to the widow. The decree, after reciting the findings made in the report of the commissioners and that a named person who was a sister of decedent was a person of unsound mind for whom the court had appointed a guardian ad litem and that such guardian ad litem had made an appearance in the proceeding, adjudged that, there having been no exceptions filed to the report of the commissioners, the said report be confirmed and that absolute title to the property described vest in the widow.

Appellees, complainants below, proceed upon the theory that the requirement in § 694, Tit. 7 of the Code that the application set forth the facts thereinabove mentioned "as well as the names, condition, and residence, if known, of the heirs of the decedent other than the minor children of the decedent", is jurisdictional, and that failure to do so renders the decree of the probate court void on its face. It is not alleged that appellees did not have notice of the filing of the report of the commissioners, nor that they were not present at the hearing. From the orders and decree of the probate court it is evident that some notice to the heirs was given and that they filed no exceptions to the report of the commissioners. It seems to be appellees' position that even though such heirs had the notice comprehended by § 677, Tit 7 of the Code, and may have actually participated in the hearing, yet the decree is void on its face for failure of the application of the widow to set out their names, etc.

Reliance for this is placed upon the principle that the probate court, in setting apart exemptions to the widow and minor children, acts as a court of limited jurisdiction and that such jurisdiction attaches only when the application or petition contains the necessary jurisdictional allegations; that the application must show the facts prescribed by the statute which are regarded as jurisdictional, and in the absence of such showing the decree will be void on its face. Wright v. Fannin, 229 Ala. 278, 156 So. 849; Davis v. Reid, 264 Ala. 560, 88 So.2d 857; Cogburn v. Callier, 213 Ala. 46, 104 So. 330; Miller v. Thompson, 209 Ala. 469, 96 So. 481; Walton v. Walton, 256 Ala. 236, 54 So.2d 498; Simpson v. Simpson, 254 Ala. 648, 49 So.2d 314; Forbes v. Summers, 259 Ala. 271, 66 So. 2d 762; Craig v. Root, 247 Ala. 479, 25 So.2d 147. This principle has been quite consistently stated and applied, and we have said that without the necessary jurisdictional averments in the petition the court is without authority to proceed and subsequent findings and recitals in the decree cannot supply the absence of averments essential to its right to proceed in

the case. Carter v. Carter, 251 Ala. 598, 38 So.2d 557; Singo v. McGehee, 160 Ala. 245, 49 So. 290.

The real point in the case is whether or not the matter omitted from the petition is jurisdictional. It is not every fact or matter mentioned in the statute that is jurisdictional, necessary to be set out in the petition in order for jurisdiction to attach. It is significant that our cases dealing with homestead statutes generally speak of necessary jurisdictional facts or facts prescribed by statute which are *regarded* as jurisdictional. If jurisdictional, the omission may not be supplied by subsequent recitals in the record, and if not jurisdictional it might be supplied. Singo v. McGehee, supra; Keenum v. Dodson, 212 Ala. 146, 102 So. 230. This is not to say that any of the facts set out in the statute need not be proved. It should be borne in mind that a decree rendered in a proceeding such as this is subject to collateral attack only when void on its face, but still is not impervious to direct attack as, for example, a false averment in the petition working a fraud upon the court or other fatal infirmity in the proceeding. In the Singo case, supra, it was held that residence of decedent in the county where the petition was brought was not a jurisdictional fact, notwithstanding the statutory requirement that he be such resident.

In Davis v. Reid, supra, we had before us an appeal from the probate court setting apart homestead and vesting fee-simple title in the widow. The decree was attacked upon the ground that the allegations of the petition were insufficient to invoke the jurisdiction of the probate court for that it contained no allegation that the personal property owned by petitioner's deceased husband was less in value than the exemption allowed in favor of the widow, notwithstanding that element is mentioned in § 694, supra. After a careful review of prior decisions we reached and stated the conclusion that the petition, omitting this allegation, was sufficient, expressing the view that to enunciate a rule to the contrary might disturb titles long since regarded as settled by the parties, the bench and the bar. As pointed out in that case, the exact question there involved had not before been presented to this court. The same situation is present in this case. In Williams v. Overcast, 229 Ala. 119, 155 So. 543, 549, the statute as it now appears was not involved. Wright v. Fannin, supra, was a case in which the question was in no wise involved. It merely catalogued the several facts and conditions set forth in the statute as being required to exist in such a proceeding and to be alleged and proven, including the naming of "other heirs". In the Wright case, as pointed out in Davis v. Reid, supra, there was no reference to personal property, yet it was said that the petition contained all the jurisdictional facts.

The provision for the naming of other heirs than minor children of decedent had its inception in Code 1923, § 7948, which was a revision or rewriting by the Code Commission of § 4224 of the Code of 1907. This revision was evidently done with the intent to make it conform to or complement § 7934 which was new to the Code of 1923. This latter section was a rewriting by the Code Commission of the act of Feb. 10, 1923, Gen.Acts 1923, p. 43, and, with a slight amendment, is the same as § 677, Tit. 7, Code 1940. The original act provided for notice to "all the children twenty one years of age and over of the decedent whose homestead is sought to be set aside." The Code section changed this to "the next of kin of decedent". It is obvious that the purpose of both §§ 7934 and 7948 of the Code of 1923, and §§ 677 and 694 of the Code of 1940, was and is to provide for notice to interested parties. If such persons be given the notice specifically required by § 677, such purpose would have been met and it would be immaterial whether or not their names are set out in the petition. Whether named or not in the petition, if they had no notice they could obtain full relief through some form of seasonable direct attack.

In Cassady v. Davis, 245 Ala. 93, 15 So. 2d 909, 911, this court had under consideration a case similar to the one now before us. There an adult child of decedent sought to avoid a conveyance of the homestead property by the widow by setting aside a decree of the probate court vesting title in the widow. It was there held that even though the bill failed to allege that complainant had no notice of the probate proceeding as provided by Code 1940, Tit. 7, § 677, it would be presumed that the notice required by law had been given. It was further said: *"The petition* [filed by the widow] *contained every allegation necessary to give the probate court jurisdiction.* Since the decree, therefore, is not void on its face, it cannot be here collaterally assailed." (Italics supplied.) The petition in that case, as shown by examination of the record, merely alleged that "The decedent left surviving him your petitioner, his widow, and no minor children." It is true that in the Cassady case there was no attack upon the decree of the probate court for failure of the widow's petition to name other heirs than minor children. Nevertheless the decision there predicates the pronouncement that the decree was not void on its face and thus subject to collateral attack upon the conclusion that the petition, though omitting to name other heirs, was sufficient to confer jurisdiction upon the probate court. That case is, therefore, supportive of the conclusion we here attain that the decree of the probate court is not void on its face.

In this case there are no children, direct heirs, involved, the only "other heirs" being indirect, or collateral, heirs. The bill contains no allegation that such heirs did not have the notice required by § 677, Tit. 7, Code. The decree recites that notice to heirs was given as required by law, and even names one for whom a guardian ad litem was appointed. In Davis v. Bates, 239 Ala. 214, 194 So. 647, it was held that the only grounds given to "other heirs" of the decedent on which they may contest the exemptioner's right to have the homestead set apart are that it exceeded in amount and value the exemption allowed and was not all the real estate owned by decedent at his death.

In Young v. Seale, 266 Ala. 398, 96 So.2d 746, we had before us an application by an adult grandchild to have homestead exemption set apart to her. We there reexamined the homestead statute, pointing out the limited and conditional rights and interests of heirs other than minor heirs of the decedent, and sustained a denial of the petition.

It is pertinent to note that § 694, supra, even after the amendment yet applies alone to the widow and minor children of decedent as the parties to whom the exemption may be set apart. It in terms confers no right upon "other heirs". It is only by amendments to §§ 663 and 697 that "other heirs"—and these only adult children and descendants of deceased children—are taken into consideration in the vesting of the title. These amendments are definitive of the terms of the decree the probate court may render after jurisdiction has been conferred.

We entertain and here express the apprehension voiced in Davis v. Reid, supra. Should we enunciate the rule that the petition here is so insufficient as to confer no jurisdiction upon the probate court, a cloud would be cast upon titles thought to have been settled. Any decree, rendered upon a petition with a like omission, would be subject to collateral attack, and the omission being shown would render such decree void on its face with no opportunity of the titleholder to defend by recourse to other proceedings in the record, for that is the undeviating rule in the cases we have cited supra. On the other hand, by concluding that the matter in question does not fall within the category of jurisdictional averments, no interested party is deprived of a proper and seasonable direct attack upon such a proceeding.

Our recent case of Johnson v. Duncan, 264 Ala. 650, 88 So.2d 789, though not di-

rectly in point, is by analogy sustentive of the conclusions herein stated.

We, therefore, conclude that the demurrer to the bill should have been sustained and that the decree appealed from is due to be reversed. There is here no room for application of the rule that a bill possessing equity in any aspect will be sustained when demurrer is addressed to the bill as a whole. Here the denial of the main equity carries with it those so-called aspects such as a sale for division.

Reversed and remanded.

LAWSON, GOODWYN, and MERRILL, JJ., concur.