# Decatur & Nashville Improvement Co. v. Crass.

## Attachment against Non-resident.

1. *Waiver of trial by jury.*—Under the act of 1888–89, establishing the City Court of Decatur, a defendant loses his right to have the damages assessed by a jury after he suffers judgment by default, no jury having been demanded by either party, and on appeal he can not complain that the damages were assessed by the court.

2. *Judgment; when not premature* —Under said act, a judgment may be rendered in attachment proceedings thirty days after the defendant has been brought into court by publication ; and, unless the contrary appears, it will be presumed, on appeal, that the City Court of Decatur was continuously in session for the full period of the time prescribed by law.

3. *Variance as to amount of debt claimed in affidavit and complaint.* After judgment by default in an action commenced by attachment, a variance between the affidavit and the complaint as to the amount of the debt claimed, is not available on error.

APPEAL from City Court of Decatur.

Tried before Hon. WILLIAM H. SIMPSON.

LAWRENCE COOPER, and R. C. BRICKELL, for appellant, insisted that the damages should have been assessed by a jury, citing 1 Black on Judgm. 389; *Hickman v. B. & O. R. R. Co.,* 30 W. Va. 296; *Porter v. Burleson,* 38 Ala. 343; *Sterrett v. Karsner,* 37 Ala. 366; *Curry v. Wilson,* 48 Ala. 638; *Dunlap v. Horton,* 49 Ala. 412; 1 Black on Judgments, § 91,

also, that the affidavit was constructive notice only of the amount set forth as a claim, and is not notice of a greater amount.

R. A. McClellan, and Kyle & Skeggs, for appellee, cited 82 Ala. 294; 78 Ala. 573; 36 Ala. 92; *Tuskaloosa Man. Co. v. Mayor*, 38 Ala. 516.

HARALSON, J.—The attachment in this case was sued out at the instance of appellee, against the estate of appellant, on the ground that it is a non-resident.

The amount claimed in the affidavit as due is $40,000. Bond was given as is required in attachment cases, and recites that the writ was returnable to the next term of the court. The writ was issued September 24, 1890, retunable on its face October 25, 1890, and publication was made pursuant to the statute prescribing notice to non-residents in attachment cases.

A complaint was filed on the 1st of December, 1890, claiming the sum of $65,000, instead of $40,000, as claimed in the affidavit for the attachment. On the same day a judgment by default was rendered against the defendant, and the damages were assessed by the court, without the intervention of a jury, at $65,000, neither the plaintiff nor the defendant having demanded a jury pursuant to the special act creating the City Court of Decatur.

Defendants appeal, and assign as error that the judgment was prematurely rendered, and at a time not authorized by law; that the damages were assessed at $65,000 instead of at $40,000, the amount claimed in the affidavit, and that the court, and not the jury, assessed the damages.

The City Court of Decatur was established by a special act of the legislature, enacted at the session of 1888–9. It is manifest from the very terms of that act, as well as from inferences legitimately drawn from it, the purpose of the legislature was to create a court in which rights might be more speedily and economically adjudicated than in the Circuit and Chancery Courts. To effect this purpose, it became necessary to make changes in the rules of practice and procedure of those courts, as applicable to this new court.

In section *one* of that act it was accordingly provided: "When exercising the jurisdiction and powers of courts of law, said City Court shall conform to the rules of practice in the Circuit Courts of this State, and when exercising the jurisdiction and powers of courts of equity, it should conform to the rules of procedure and practice in the Chancery

Courts of this State, except where rules or procedure are changed by this act."

In section *five* of that act it is provided, that the said court shall hold two regular terms in each year, beginning on the first Mondays in June and January, which terms "may continue in session until the business thereof is disposed of," — even if that time extends until the beginning of the succeeding term. The court, unless it appears to the contrary, will be presumed to be in session continuously between those dates.

By section *six* of the Act it is provided, that, "In cases commenced otherwise than by suing out and service of summons and complaint, defendants shall appear and demur or plead within 30 days after publication upon or to them, whether the same shall occur in term time or vacation, and in all cases, after thirty days from such service of notice or perfection of publication, such cause shall be at issue, and triable when the same shall be reached on the regular call of the docket. Any defendant failing for more than thirty days after service of notice or perfection of publication in any cause, to appear therein and demur or plead, shall be held to be in default."

By section *twelve* of the Act, issues and questions of fact are required to be tried by the court, without the intervention of a jury, "unless a jury be demanded by the plaintiff, at the commencement of the suit, or by the defendant, at the time of filing his plea or demurrer, by endorsing such demand in writing on the summons and complaint, plea or demurrer.

This writ of attachment was issued, September 24, 1890, and by its terms was returnable October 25, 1890, which was more than three weeks after the 4th of October, 1890, when publication was commenced. The writ, by the provisions of the act, was properly returnable on the 25th of October, 1890, although it issued and was made returnable, during the same term of the court. We must presume, the June term was still in session. The defendant failed for more than thirty days after perfection of publication as to it, to appear in the cause and plead or demur, and was, therefore, in default. The cause was at issue and triable, when reached, on the regular call of the docket.

In can not be denied, and is not, that notice by publication is just as effective as personal service to acquire jurisdiction of the person of a defendant, and to put him in default, if he fails to appear at the proper time. Nor is it

[Decatur & Nashville Improvement Co. v. Crass.]

contended, that the notice by publication in this case, is irregular or defective.

It needs no argument to establish the proposition, that when a defendant has been served with legal notice of a proceeding in court, it is not necessary that he should have notice of any subsequent amendment of the pleadings. He is brought into court by the notice which commences the suit, and is bound afterwards to take notice of all the proceedings in the cause. If an improper amendment is proposed, the defendant should be present, to object, and if overruled, to bring the question for revision by bill of exceptions. Otherwise, he can not be here heard to complain.—*Simmons v. Varnum*, 36 Ala. 94.

It is well understood, that pleadings in civil actions at law are amendable while the cause is in progress, at any time before the rendition of the judgment, for until then, the proceedings are *in fieri.*—*Foster v. Napier*, 73 Ala. 601.

As respects amendments of a complaint, this court in *Crim v. Crawford*, 29 Ala. 623, said: "Our statute of amendments is very liberal, and is indicative of a legislative intent, that no mere mistake of the pleader as to the allegations necessary to make a cause of action complete, shall defeat the suit. · · · There is no limit to the power of amending the allegations of the complaint, except that the party should not be allowed to depart, in the complaint, entirely from the process, or substitute a new cause of action."

In the case of *Fears v. Thompson*, 82 Ala. 294, the attachment was sued out on the 11 of Nov. 1886, claiming $800 due for rent of land and advances made by Thompson, landlord, to Fears, tenant, during the years 1882–1886. On the 12th May, 1887, the defendant having had notice of the attachment, a complaint was filed claiming a different, but smaller amount, due by promissory note made by defendant to plaintiff, on 25th April, 1886, and payable 1st October, 1886. A judgment was rendered by default against the defendant, *the same day* the complaint was thus amended for the debt and costs. On appeal, assigning this judgment as error, the court said, "A variance between the amount of the debt claimed in the affidavit for the attachment, and the amount claimed in the complaint, must be taken advantage of in the trial court. The objection can not be made on appeal for the first time. To the same effect are our rulings in *McAbee v. Parker*, 78 Ala. 573, citing several other Alabama cases to support it; *Hutchinson v. Powell*, 92 Ala. 619; Drake on Attachments, § 36.

We adhere to this ruling, too well and long established by

this court, to now depart from it. If it be suggested, as it has been, that very great injustice and hardship may prevail under such a practice, the reply is, that a defendant who neglects his cause in court, must abide the consequences of his neglect. Besides, we must indulge the presumption here as in any other case of the kind, that the trial court did its duty and allowed no judgment, that was not justified by the evidence.

In *Carroll v. Milner*, 93 Ala. 301, occurs this expression: "It need scarcely be stated that, in a judgment by default, no greater sum can be recovered than is claimed." But that was said in reference to a suit by garnishment in aid of a judgment, and does not conflict with the authorities to which we have above referred.

It is assigned as error, that the court assessed the damages without the intervention of a jury. It is not denied, that authority is given by the special act, for the court to render judgment without a jury, when the parties have waived a jury trial. It is insisted, however, that the defendant may not desire to make defense to the *merits* in a suit on an unliquidated demand, and abstain therefrom, reserving the right to appear *after* judgment by default, and give evidence in mitigation or reduction of the damages. It is urged as a result of this proposition, so correct in itself, that although a defendant may waive the jury as to a trial on the merits, he is not concluded, under the act, from a trial by jury, when the damages come on to be assessed, after a judgment by default, on such a demand.

We feel constrained to hold, however, that when a defendant is once in court in a cause, he is there throughout its further progress, and if at the trial of a cause against him, being constructively, if not actually present, he allows the complaint to be amended, in a manner in which it is legally susceptible of amendment, and he fails, then, to plead or demur, or demand a jury, he is concluded as to both, on appeal. The time within which a complaint in an attachment case, is required to be filed, under the statute, is directory, and it may be filed, at any time, after the commencement of the suit, up to the time of the judgment.—*Perkerson v. Snodgrass*, 85 Ala. 137. When the complaint was filed in this case, it was competent for defendant to have made its demand for a jury, by writing it on the complaint. It did not do it, and it can not be relieved of its own negligence, on appeal to this court.

There is no error in the record and the judgment must be affirmed.

Affirmed.