(90 South. 871)

**Ex parte STATE ex rel. DAVIS, Atty. Gen.**

**CRANE CO. v. STATE ex rel. DAVIS, Atty. Gen. (6 Div. 511.)**

(Supreme Court of Alabama. July 15, 1921. Rehearing Denied July, 1921.)

**1. Limitation of actions ⬅11(1)—Statute held applicable to actions by state, county, or municipality.**

Code 1907, § 4832, providing that "all other civil actions must be commenced after the cause of action has accrued within the period prescribed in this chapter," held applicable to all civil actions specifically dealt with in sections 4833–4840, though brought in the name of the state, or of a county or a municipality.

**2. Limitation of actions ⬅5(3)—Statute held not applicable to all civil actions, but only to those designated in certain statute.**

Code 1907, § 4832, providing that "all other civil actions must be commenced * * * within the period prescribed in this chapter," does not cover all actions other than those covered by sections 4830 and 4831, but only those expressly designated in sections 4833–4840.

**3. Taxation ⬅589—No limitation governing state's action against foreign corporation for franchise tax; "stated or liquidated account;" "open or unliquidated account."**

There was no statute of limitations to bar state's action against foreign corporation for franchise taxes due under revenue acts of 1911 and 1915; such action not being one on a "stated or liquidated account," within Code 1907, § 4835, subd. 5, or for an "open or unliquidated account" within section 4838.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Open Account; Words and Phrases, First Series, Stated Accounts.]

**4. Limitation of actions ⬅11(1)—Limitations do not run against state, unless statutes expressly or impliedly so provide.**

Statutes of limitation do not run against the state, unless they expressly or by necessary implication so provide.

**5. Statutes ⬅225¾—Presumed to have been re-enacted in the light of construction given them by Supreme Court.**

Statutes are presumed to have been re-enacted in the light of the construction placed on them by the Supreme Court.

Miller and Sayre, JJ., dissenting.

Certiorari to Court of Appeals.

Action by the State of Alabama, on the relation of Harwell G. Davis, Attorney General, against the Crane Company. Judgment for plaintiff was reversed, and the cause was remanded, on appeal, by the Court of Appeals (90 South. 873) and the State, on the relation of the Attorney General, brings certiorari. Writ granted, judgment of the Court of Appeals reversed, and cause remanded.

Harwell G. Davis, Atty. Gen., and Thomas J. Judge, Asst. Atty. Gen., for appellant.

Unless expressly so stated, the statute of limitation does not run against the state of Alabama. 122 Ala. 372, 24 South. 999; 87 Ala. 574, 6 South. 386; 16 Ala. 239; 19 Ala. 428; 100 Kan. 495, 164 Pac. 1073, L. R. A. 1917E, 1160; 85 Ky. 198, 3 S. W. 139.

R. C. Redus, of Birmingham, for appellee.

The appellate court correctly decided the question. Sections 4830, 4831, 4832, 4833, 4835, Code 1907.

SOMERVILLE, J. [1, 2] It must, we think, be conceded that the Court of Appeals has correctly construed section 4832 of the Code as embracing all civil actions, other than those excluded by sections 4830 and 4831, whether brought in the name of the state, or of a county or municipality, or of an individual, in so far as such actions are specifically designated and dealt with in sections 4833–4840, following. It is, of course, clear that section 4832 does not cover all actions, but only those which are expressly designated in the sections following.

[3] Upon our first consideration of the matter, we were inclined to concur in the view that this action for the recovery by the state of franchise taxes due from a foreign corporation, under the provisions of revenue

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

acts of 1911 (Acts 1911, p. 159) and 1915 (Acts 1915, p. 386) is for a liquidated account within the meaning of subdivision (5) of section 4835, or else is for an open or unliquidated account within the meaning of section 4838, and would therefore be subject to the limitation of six years or of three.

[4] But, upon maturer consideration, we are convinced that an action for the recovery of taxes is not an action upon an account, whether liquidated or unliquidated, stated or open, within the meaning of the limitational provisions referred to. Limitations against the state are never intended, unless expressly declared, or necessarily implied. 17 R. C. L. 970, § 344; 25 Cyc. 1006; Ware v. Greene, 37 Ala. 494. And it has been held that "no statute of limitations runs against the right of the state to collect its taxes, unless expressly made applicable." 37 Cyc. 1247 (v), and cases cited.

[5] So far as this court is concerned, the question has been fully and specifically determined by the case of Perry County v. Railroad Co., 58 Ala. 546, 569, wherein it was held that, as against an action by a county for the recovery of taxes levied and assessed ad valorem, our statute prescribed no apt limitation, and that therefore none was available. With respect to the designation of the actions intended to be limited, the language of our present statutes is the same as that of the statutes then in force, and they have presumptively been re-enacted in the light of the construction placed upon them in the Perry County Case. To now hold that those statutes contain a limitation in bar of suits for the recovery of taxes would therefore do violence to the legislative intent, as courts must ascertain and declare it.

That case was overlooked, and its effect was not considered, by the Court of Appeals, nor by the minority opinion hereto attached. In the view of the majority, concurring with the writer, that case is decisive of the case before us, and binds us in its determination.

The writ of certiorari will be granted, and the judgment of the Court of Appeals will be reversed, and the cause remanded for further proceedings in accordance herewith.

Writ granted.

ANDERSON, C. J., and McCLELLAN, GARDNER, and THOMAS, JJ., concur.

MILLER, J. (dissenting). This is an action by the state to recover of defendant, a corporation, the franchise tax for the year 1911. The suit was filed March 30, 1921. The defendant pleads the statutes of three, five, and six years limitations. Demurrers to each were sustained by the trial court.

It is an action for debt due the state. The amount claimed is liquidated—capable of being accurately stated. The Court of Appeals in the majority opinion correctly held that the Legislature intended for section 4835 of the Code of 1907 to apply to the state as well as individuals and corporations in actions of this kind. We can reach no other conclusion, when this section is read and construed in connection with sections 4830, 4831, 4832, and 2260 of the Code of 1907. Hence this cause of action is barred by the statute of limitations* of six years, and the demurrers to this plea were improperly sustained.

SAYRE, J., dissents, and concurs in the views of MILLER, J.