(92 South. 607)

**BOSWELL v. SLADE.   (4 Div. 988.)**

(Supreme Court of Alabama.   April 20, 1922.)

1. Statutes ⬅225¾—A section of Code re-enacted in succeeding Codes without material change must be assumed to have been re-adopted as previously construed.

Code 1907, § 2961, providing that plaintiff "must within the first three days of the return term of the attachment file his complaint," having been re-enacted in succeeding Codes without material change after being construed as a directory provision not affording ground for dismissing a complaint filed at any time before judgment, must be assumed to have been readopted as previously construed.

2. Appeal and error ⬅500(1), 530—Motion in court below not appearing in the record will not be considered on appeal.

Where there is nothing in the record to show a motion to tax a party with costs in the court below, or that a ruling was made on same, the motion will not be considered on appeal.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action by W. T. Slade, doing business as the Slade Auto Company, against E. C. Boswell. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

On July 28, 1920, W. T. Slade made affidavit and gave bond for an attachment to issue against an Auburn Six automobile, to enforce a lien for materials furnished and work done upon said car. The complaint seems to have been filed at a special term of the court held July 25, 1921, and the motion to abate the attachment because a term of the court had passed between the time of the issuance of the attachment and the date of the filing of the complaint, and that said term of court lasted more than three days.

Boswell & Ward, of Geneva, for appellant.

The court erred in refusing to dismiss the attachment and the levy.   Section 2961, Code 1907; 10 Ala. App. 613, 65 South. 678. Counsel discuss the motion to tax plaintiff with the cost, but they cite no authorities in support thereof.

H. Grady Tiller, of Geneva, for appellee.

The court properly denied appellant's motion to abate.   85 Ala. 137, 4 South. 752; 97 Ala. 528, 12 South. 41;   83 Ala. 11, 3 South. 425.

ANDERSON, C. J.   [1] While section 2961 of the Code of 1907, among other things, provides that the plaintiff "must within the first three days of the return term of the attachment file his complaint," it has been held by the previous decisions of this court that this provision is directory, and that the attachment should not be dismissed or dissolved if the complaint is filed at any time before judgment.   Perkerson v. Snodgrass, 85 Ala. 137, 4 South. 752; Decatur & Nashville Co. v. Crass, 97 Ala. 524, 12 South. 41.   This provision has been reproduced without material change in succeeding Codes, and we must assume that it was readopted as construed in the cases supra.   Hence the trial court did not err in overruling the defendant's motion to dismiss the attachment.

[2] It is sufficient to say as to appellant's assignment of error No. 2 that there is nothing in the record to show that the motion to tax the plaintiff with the cost was brought to the attention of the trial court, or that a ruling was made upon same.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes