(127 So. 503)

### TAYLOR v. TAYLOR et al.
#### 8 Div. 148.

Supreme Court of Alabama.
March 13, 1930.

Rehearing Denied April 17, 1930.

William L. Chenault, of Russellville, for appellant.

A. A. Williams, of Florence, for appellees.

THOMAS, J.

The bill sought a sale of lands for division among joint owners and tenants in common.

Appellees' counsel propounded the inquiry of the value of the land in 1896, the date of the death of Henry Taylor, the father of the instant parties. Appellant asserts that at said time the land was less than $2,000 in value, an area fixed by law for his homestead; that the widow of decedent became the owner of the same as exempt to her as such homestead under the law as it was of force at the time; and that appellant as the only child of said widow (Sarah Jane Taylor) became the owner of said lands at the death of said Sarah Jane Taylor in 1927. The exemption law of the time governed. Code 1896, § 2071; Long v. Brown, 206 Ala. 154, 89 So. 614; Tharp v. Johnson, 219 Ala. 537, 122 So. 668; Faircloth v. Carroll, 137 Ala. 243, 34 So. 182.

There was no issue of fact presented as to the area—there being only 120 acres of the land at the time of decedent's death. There is controversy as to its value at that time. When appellees proved the land belonged to Henry Taylor who died in 1896, that the widow who survived lived with him on the land at the time of his death, that complainants and respondents are the children and grandchildren of the said Henry Taylor, this makes a prima facie case for complainants-appellees. The burden is then cast upon appellant-respondent to go forward with the evidence to show by preponderating evidence that said lands were, at the time of ancestor's death, worth less than the amount fixed by statute vesting the homestead in the widow and minor children—there being no minor children, then in the widow. If the evidence on the question of its market value, as of its condition and at that time (1896), establishes this fact, under the law the land vested in Sarah Jane Taylor, the widow, the ancestor of appellant.

The sole question of fact to be determined is whether the lands were worth more or less than $2,000. And complainants offered the testimony of witnesses (M. J. Taylor, R. G. Wardlow, J. M. Yocum, and Calvin A. Taylor), who were each of full age at the death of Henry Taylor, and who stated they were familiar with the value of this character of land in that neighborhood; that the Taylor tract was worth from $25 to $30 per acre; that it is mineral land and was so regarded at that time. The proof is uncontroverted that the Northern Alabama Railroad had been constructed a few years previous to the death of Henry Taylor, and that ore lands were valuable. The witnesses A. B. Hester and W. S. Douglass were and are experienced in the iron ore business in that district; and they testified that the land is valuable as ore land, and is worth more than $2,000.

These facts were sought' to be controverted by respondent-appellant, who examined a number of witnesses who based their opinion as to value on what the land would bring as farm land. If the land had no value except as farm land, then it is admitted that complainants are without interest, and the decree is in error. It is, however, insisted that the testimony of respondent's witnesses fails to reach the point in the case—the true value for farm and mineral at the date, of death of the father or grandfather. ·

Respondent's witnesses who did not cover the full value of the land are W. J. Porter and Fred Carter. They. admit they did not prospect the land for mineral; and all the witnesses who testified on the subject stated that the land must be prospected for mineral, etc., before the value could be satisfactorily determined for such purpose. When Porter and Carter admitted they had not prospected the land, they destroyed or weakened the proper use, effect, or value of their testimony, as to the value of the land in 1896.

The testimony of Graham Williams, a mine foreman, and John Foster, a chemist, overcomes any probative force the testimony of Porter and Carter may have had.

Henry C. Taylor, the appellant, was 24 years of age when his father died. He is now a man probably 55 years of age. It appears that by the law of the case and the preponderance. or weight of the testimony, which is with the complainants on the question of value, this tract of land should be shared equally by all the children of the deceased father. The judge, sitting in equity, so decreed and ordered the land to be sold for division among the complainants and respondents named in the bill.

Affirmed.

ANDERSON, C. J., and SAYRE, and BROWN, JJ., concur.