195 So. 426
**STATE, for Use of HOUSTON COUNTY v. UNITED STATES FIDELITY & GUARANTY CO.**

**3 Div. 311.**

Supreme Court of Alabama.

April 11, 1940.

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for appellant.

446

Coleman, Spain, Stewart & Davies and H. H. Grooms, all of Birmingham, for appellee.

Marion Rushton, of Montgomery, amicus curiae.

KNIGHT, Justice.

Bill by the State of Alabama, suing for itself, and for the use of Houston County, against the United States Fidelity and Guaranty Company to recover certain moneys alleged to be due by Columbus J. Rollins, a former sheriff of Houston County, to the State of Alabama and to Houston County.

Columbus J. Rollins was elected sheriff of Houston County at the general election in November, 1926, for a term of four years beginning on January 15, 1927.

It is averred in the bill as last amended that the United States Fidelity and Guaranty Company was the sole surety on the official bond of said Rollins as such sheriff for the entire period of his term of office; that said bond was conditioned and payable as required by law.

It is charged that said Rollins, during his term of office, and while said bond was in full force and effect, "made an overcharge to the state on automobiles sold by him under Section 4782 of the Code in the sum of $129.38, to which he was not legally entitled, which sum of money with interest thereon is still due the State of Alabama." That during his term of office as Sheriff of Houston County, and while discharging the official duties of said office, and while said bond was in full force and effect, the said Rollins "received" from Houston County, Alabama, the sum of $3,581.71 to which he was not legally entitled; that "said sum was received from Houston County by said Columbus J. Rollins by virtue of claims presented by him to the Court of County Commissioners of Houston County and paid from the Fine and Forfeiture Fund for various and sundry fees, which he alleged were just and legal, but as a matter of fact were illegal and did not constitute a valid claim against said fund."

It is charged that, by reason of said illegal collections from the state and Houston County, the said Rollins was and is indebted to the State of Alabama in the said sum of $129.38 and to the County of Houston in the sum of $3,581.71, with interest on said amounts from the dates when said amounts were received by the said Rollins.

It appears from the bill as last amended that said Rollins died intestate on July 8, 1934, "without any judgment or decree having been rendered against him for or on account of the matters herein mentioned, and that since his death no judgment or decree has been rendered against his *personal representative, executor,* or *administrator.*"

After demurrers were filed to the bill taking the point that the claims sued on were barred by the statute of limitations of six years, the state undertook to meet this defense, asserted by demurrer, by setting up in substance that it did not have a sufficient number of auditors to examine and audit the accounts of said sheriff before 1935. Then follows this averment: *"That the state did not immediately thereafter* (after the audit in 1935) *file suit for the reason that this respondent and other surety corporations had on many occasions before set up the statute of limitations of six years as a defense to such claims and would later compromise and settle them, and that suit in the instant case was delayed for the purpose *of negotiating a settlement.*"*

The surety, the United States Fidelity and Guaranty Company, is made the sole party respondent to this suit.

The demurrers filed by the respondent take the point, inter alia, that the causes of action stated in the bill as last amended are barred by the statute of limitations of six years. These demurrers further aptly challenge the sufficiency of the allegations, introduced by way of amendment to the bill, which seek to excuse the delay of the state in bringing the present suit.

The suit was filed September 27, 1939, more than eight years after the causes of action arose, all of which affirmatively appears from the bill of complaint.

In this jurisdiction it is a settled rule that the statute of limitations may be set up in equity by demurrer where the bill shows that the cause of action stated in the bill is prima facie within the bar of the statute of limitations, or offensive to the rules which courts of equity adopt for the discouragement of stale demands. Lovelace v. Hutchinson, 106 Ala. 417, 418, 17 So. 623; Van Ingin v. Duffin et al., 158 Ala. 318, 48 So. 507, 132 Am.St.Rep. 29.

Section 8939 of the Code provides: "There is no limitation of the time within which the state may bring actions for the recovery of *any* of the *land* mentioned in section 7475 (3859) of this Code." [Italics supplied.]

Section 8940 of the Code provides: "There is no limitation of the time within which counties and other municipal corporations may bring actions for the recovery of lands belonging to them."

Section 8941 of the Code provides: "*All other civil actions* must be commenced after the cause of action has accrued within the period prescribed in this Code, and not afterwards." [Italics supplied.]

Section 8944 of the Code provides: "* * * 7. Motions and other actions against the sureties of any sheriff, coroner, constable, or any public officer, or actions against the sureties of executors, administrators, or guardians, for any misfeasance, or malfeasance, whatsoever, of their principal; the time to be computed from the act done or omitted by their principal, which fixes the liability of the surety."

The bill charges that the sheriff illegally received moneys from the State of Alabama and from Houston County while he was serving, and discharging the duties of sheriff of said county. We judicially know then that these moneys must have been paid to, and received by him prior to January 16th, 1931.

This statute, Section 8944, in so far as it relates to sureties of public officers is a re-enactment of the statute of 1832, Clay's Digest, 329, § 90. The statute came before this court for construction in the cases of Governor v. Stonum, 11 Ala. 679, and Governor v. Gordon, 15 Ala. 72.

In the Stonum case, supra, which was an action against the surety of a sheriff for moneys collected under execution by the principal, it was held that the statute commenced to run in favor of the surety from the time the execution was returned satisfied.

In the Gordon case, supra, which was an action against the surety of the notary public, to charge him for the failure of the principal to give an indorser of a promissory note the notice requisite to charge him, it was held the statute commenced to run from the day of the notary's default, and not from the time of its discovery, or the ascertainment of the damage by the injured party.

In the case of Fretwell v. McLemore, 52 Ala. 124, the holding in the Stonum case and the Gordon case were referred to approvingly by Chief Justice Brickell, observing: "There is not great difficulty in fixing the period from which the statutory bar shall be computed as to the sureties of a public officer. *Each of* his *actions* or *omissions generally fixes* not only his own liability, *but that of his surety, and each furnishes a separate and independent cause of action, in favor of different parties.*" [Italics supplied.]

We are fully persuaded that the bill shows upon its face that the cause of action brought forward by the state in its own behalf against the respondent falls within the influence of Section 8944, Subdiv. 7, and that the same accrued to the state, under the plain terms of the statute, more than six years before the bill was filed. Likewise, we hold that the claim of Houston County, which is also sued upon in this action, falls within the influence of said Section 8944, and that it accrued to said county, at the time the illegal payments were made to, and received by said sheriff, which was more than six years prior to the filing of the bill.

448

■ It is insisted, however, by the attorneys general that the statute of limitations, when attempted to be applied to claims or demands of the state or a county, is offensive to section 100 of the Constitution and therefore void. There is no merit in this contention. This court, in the case of Ex parte State ex rel. Davis, Attorney General, 206 Ala. 393, 90 So. 871, 872, in a carefully prepared opinion by Justice Somerville, observed: "It must, we think, be conceded that the Court of Appeals has correctly construed section 4832 [now 8941] of the Code as embracing all civil actions, other than those excluded by sections 4830 and 4831 [now sections 8939 and 8940, of the Code], *whether brought in the name of the state, or of a county or municipality, or of an individual, in so far as such* actions are specifically designated and dealt with in sections 4833–4840, following. It is, of course, clear that section 4832 [now 8941] does not cover *all* actions, but only those which are expressly designated in the sections following." [Italics supplied.]

It should suffice to say that section 8944 (formerly section 4835) of the Code is one of the "following sections," and specifically provides for the case now before us.

■ The amendments to the bill, which attempt to excuse the state for the delay in bringing the present suit, were wholly inefficacious to the accomplishment of any purpose whatsoever.

It follows that the bill as last amended was subject to the demurrers interposed, and the court below committed no error in sustaining the same.

The decree appealed from is, therefore, due to be affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.