64 So.2d 108

## PARKER v. MONEY.

### 1 Div. 527.

Supreme Court of Alabama.

March 26, 1953.

Harry Seale and Albert J. Seale, Mobile, for appellant.

Ralph G. Holberg, Jr., of Holberg, Tully & Aldridge, Mobile, for appellee.

LAWSON, Justice.

In the case of Mitchell v. Mitchell, Ala. Sup., 64 So.2d 104, we held erroneous a decree of the probate court of Franklin County setting apart a homestead absolutely in fee simple under the provisions of § 697, Title 7, Code 1940, as amended by an act approved September 12, 1951, Act 911, S.B. 108, Acts 1951, p. 1558; 1951 Cum.Pocket Part, Vol. 7, p. 101, where there was no finding that all the property, real and personal, left by the decedent in this state did not exceed the total value allowed by law as exempt.

We also held in the Mitchell case, supra, that where all the property left by decedent in this state did not exceed the total value allowed by law as exempt, the homestead vested absolutely in the widow and children, minor and adult, share and share alike, but that the absolute vesting of the fee-simple title did not deprive the widow of her life estate in the homestead or the right of the minor children, if any, to occupy the homestead during their minority, and of their right to rents and profits.

The decree of the probate court here appealed from is in accord with our views expressed in Mitchell v. Mitchell, supra, in regard to the construction to be placed on § 697, Title 7, Code 1940, as amended by the 1951 act, supra, when conditions are shown to exist for the absolute vesting of the title to the homestead.

But the court proceeded to set apart the homestead absolutely to the widow and adult children of the deceased, no minor children surviving, without a finding that all the property left by decedent in this state did not exceed the total value allowed by law as exempt. For this reason we are constrained to the conclusion that the decree appealed from should be reversed and the cause remanded for further proceedings in accordance with our holding in Mitchell v. Mitchell, supra.

We point out that it is the province of the probate judge to ascertain whether facts exist for the absolute vesting and when such facts are found to exist to so set apart the homestead. The law operates to vest the title and the decree of the probate court should not declare that the homestead is vested. But such a provision is considered as surplusage.

Reversed and remanded.

STAKELY, GOODWYN and MERRILL, JJ., concur.