88 So.2d 857

**Frances J. DAVIS et al.**

v.

**Martha Jane REID.**

3 Div. 712.

Supreme Court of Alabama.

June 30, 1956.

Brooks & Garrett, Brewton, for appellee.

Edwin C. Page, Jr., Evergreen, and Wm. Hamilton, Greenville, for appellants.

PER CURIAM.

This is an appeal from a decree of the Probate Court of Conecuh County setting apart a homestead and vesting fee simple title in the appellee.

J. A. Reid died in Conecuh County, Alabama, in 1934, leaving surviving him Martha Jane Reid, his widow, and several adult children, but no minor child or children. He owned at the time of his death 120 acres of land in Conecuh County, on which he and his wife lived.

On April 23, 1954, Martha Jane Reid, the widow of J. A. Reid, deceased, filed in the Probate Court of Conecuh County, her application to have set aside to her, as a homestead, the above-mentioned 120 acres of land, alleging that said lands were occupied by her and her husband as a homestead, and were worth less than $2,000, and that said lands were all the lands owned by J. A. Reid at the time of his death; that more than sixty days had elapsed since the death of J. A. Reid, and that there had been no administration of his estate.

Upon the filing of the petition, commissioners were appointed to appraise the real estate left by J. A. Reid, and, if warranted, to set aside a homestead exemption to the petitioner. The commissioners filed a report setting aside the said lands as a homestead to the petitioner, whereupon Frances J. Davis and R. Wesley Reid, grandchildren of the said J. A. Reid, filed exceptions on the ground that the property had a value in excess of the exemption allowed for homesteads. A hearing was held ore tenus before the probate judge, which resulted in a decree confirming the report of the commissioners and setting apart and vest-

ing fee simple title in the petitioner. It is from this decree that the appeal is taken.

Appellant contends that the allegations of the petition were insufficient to invoke the jurisdiction of the court, for that the petition contains no allegation that the personal property owned by petitioner's deceased husband at the time of his death was less in value than the exemption allowed in favor of a widow. This question is raised for the first time on appeal.

■ The jurisdiction of the probate court to act to set aside homestead exemptions to a widow in the absence of an administration of the estate is statutory and limited, and it must appear from the face of the proceedings that it has acted within the scope of that jurisdiction. Nothing is presumed. The mere exercise of jurisdiction by the court or the existence of jurisdictional facts later appearing in the proceeding without the necessary jurisdictional averments in the petition will not aid the proceeding or give it validity. Walton v. Walton, 256 Ala. 236, 54 So.2d 498; Carter v. Carter, 251 Ala. 598, 38 So.2d 557; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Miller v. Thompson, 209 Ala. 469, 96 So. 481.

■ The law in force as of the death of the decedent is the law to be complied with as to supplying the jurisdictional facts to be averred and shown. Craig v. Root, supra; Williams v. Overcast, 229 Ala. 119, 155 So. 543.

Section 7948, Code of Alabama 1923, was the law in force as of the death of the decedent. This is now Title 7, § 694, Code of 1940. Section 7948 of the Code of 1923 is as follows:

"When the property, real and personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children, or either, and no administration is granted on his estate within sixty days after his death, the probate

court of the county in which he resided at the time of his death, upon the application of the widow, or if there be no widow, or she does not act, upon the application of a suitable person who shall be appointed by the judge of probate as the next friend of such minor child or children, verified by oath and setting forth such facts, as well as the names, condition, and residence, if known, of the heirs of the decedent, other than the minor children of the decedent, must appoint two commissioners who shall make a full and complete inventory and appraisement of the real and personal property of such decedent, describing the property and stating the value of each item or parcel thereof; and in estimating the value of such property, or any part thereof, if the same be held in pledge or under mortgage or other lien or incumbrance created prior to the death of the decedent, such encumbered property must be valued at only the excess of its value over and above the sum of such liens or other incumbrances."

The exact question here presented has not been decided specifically by this court. There is language in some of our cases which would indicate that the petition must contain an averment that the real *and personal* property owned by the decedent at the time of his death did not exceed in amount and value the exemption allowed by law. See Hardy v. Morgan, 238 Ala. 251, 189 So. 878; Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105; Alford v. Claborne, 229 Ala. 401, 157 So. 226. There are many other cases where the opinions do not mention the existence or nonexistence of personal property, indicating that it is not necessary to make reference to the personal property in the petition when seeking to set aside the homestead under the statute in question. See Miller v. Thompson, 209 Ala. 469, 96 So. 481; Buchannon v. Buchannon, 220 Ala. 72, 124 So. 113; Williams v. Overcast, 229 Ala. 119, 155 So. 543; Wright v. Fannin, 229

Ala. 278, 156 So. 849; Davis v. Bates, 239 Ala. 214, 194 So. 647.

We have uniformly held that the petition must contain the jurisdictional allegations, but it is an unwelcome duty when we must declare void the proceedings setting aside a homestead for the lack of jurisdictional averments in the widow's petition, because in most cases it means the upsetting of a status quo which has been accepted as legal and correct by all of the affected parties for many years.

In the case of Williams v. Overcast, supra [229 Ala. 119, 155 So. 549], where the question was the validity of the decree of the probate court setting aside the homestead, the court stated the jurisdictional averments necessary in the petition to be: "(1) That the land was the homestead of decedent at the time of his death; (2) that it was the only real estate owned by him; (3) that it was not more than 160 acres in area; (4) and of less than $2,000 in value; and (5) that there was only one minor child who was named in the petition." The next sentence is in part as follows: "The evidence presented by this record shows these jurisdictional facts were averred in the widow's petition as they existed at the time of decedent's death." The court was divided on the question of whether a child, who was a minor at the time of his father's death but was of age when the petition was filed, took his place with the adult heirs, but Justice Thomas states: "The other Justices hold that the petition for setting aside the homestead and proceedings thereunder show no facts or failures rendering the decree of the probate court void as to the widow * * *."

We have examined the petition filed by the widow in Williams v. Overcast, supra, in the original record, and there is no reference whatever to any personal property.

In Wright v. Fannin, supra [229 Ala. 278, 156 So. 851], "the validity of the decree rendered, vesting the title absolutely in the widow, is challenged by the averments of the bill, as to the sufficiency of

the widow's petition and averments therein of jurisdictional facts * * *", and .the court said:

"What, then, were the jurisdictional facts required to have existed, to be alleged and proven to vest title absolutely? The statute is specific in its requirements, providing, in substance: (1) That the property be owned by decedent at the time of his death, and so occupied; (2) that it does not exceed in amount and value the exemption allowed by law in favor of his widow and minor child or children, or either; (3) that no administration is granted on his estate within 60 days after decedent's death; (4) that the petition indicate whether the land described constitutes all the land of decedent at the time of his death; (5) that the petition set forth the facts, as well as the names, condition, and residence, if known, of the heirs of the decedent, other than the minor child or children of decedent; and (6) that the petition be duly verified and filed in the county in which decedent resided at the time of his death. Section 7948, Code."

(It should be noted that Williams v. Overcast, supra, was governed by the law in effect when W. B. Overcast died in 1914, which was prior to the addition to the statute of the requirement that the petition must show the "names, condition, and residence, if known, of the heirs of the decedent." This addition was applicable to Wright v. Fannin, supra, because A. S. Fannin died in 1926, after the addition to the statute. This accounts for the extra jurisdictional averment required in the latter case.)

We have examined the original record in the Wright case and there is no reference therein to personal property, yet, on rehearing this court said, "The petition for homestead by the widow contained all the jurisdictional facts."

In our recent case of Forbes v. Summers, 259 Ala. 271, 66 So.2d 762, 763, the entire court, as then constituted, had before it the petition of the widow, which is set out in the opinion. There is no reference made as to the amount and value of the personal property in the petition. The opinion begins:

"The question here in controversy is whether a petition to set apart a homestead to the widow under section 694, Title 7, as it appears in the Code of 1940, is sufficient to have conferred jurisdiction on the probate court to do so."

The effect of our holding was that the petition was sufficient to confer jurisdiction on the probate court. Two of the cases relied upon were Williams v. Overcast, supra, and Wright v. Fannin, supra.

■ In view of these authorities, and feeling that we might disturb titles long since regarded as settled by the parties and the bench and bar generally, should we enunciate a rule to the contrary, we are constrained to hold that the petition in the instant case was sufficient to confer jurisdiction on the probate court.

Appellants' assignments of error numbered 8, 9, 10, 11 and 12 are predicated upon the admission, over appellants' objections, of testimony as to the amounts paid for other lands as evidencing the value of the homestead lands. The objections take the point that no sufficient predicate was laid for the admission of some of the testimony, in that the other lands were not shown to be similar, comparable, or in the same condition, etc., as the lands in litigation; that the sales of the other lands were too remote in point of time, and too far distant from the homestead lands, to be of probative force in fixing the value of the homestead lands.

In the first place, Alabama has adopted the general or majority rule, known as the "Massachusetts Rule," as distinguished from the "Pennsylvania Rule," upon the question of the admissibility of evidence of the sale price of other property in determining the value of real property.

In Waller v. Harris, 221 Ala. 313, 128 So. 606, 607, we said:

"The witness Dunnivant, for contestant, having testified that these lands were 70 to 80 acres, in different plots; that they were as good as the lands nearby that belong to the Wallers, the proponents offered Mr. Livingston, who testified that he knew these lands and their market value at the time in question. The witness was then asked: 'Tell the Court what you think the value would be.' Without objection, he replied: 'About $40.00 per acre. I would like to explain myself on that. I am 73 years old. I never was on the witness stand before in my life. I am liable to make some mistakes. I may go wrong. I don't know. I never had a case in Court in my life and I never sued anybody and never have been sued. I have been a public man for 50 years. I would like to say that people around here know that land between here and Hatch's which is now owned by the Waller Brothers is more valuable land than it is beyond there. There is a place out there between here and Hatch's which has been offered for sale. It is red table land. It has been offered for sale at least several years at $50.00 per acre. He can't sell it for that price. He has not been able to do it yet. I consider $40.00 an acre is a fair valuation for Mrs. Harris's land at Melton, which is not really red table land. It is gray, sandy, land, and is not as stiff as that at Hatch's.' We do not find reversible error in the action of the court in declining to exclude from the evidence this answer. We would not reverse for such statements of the witness as: 'I am 73 years old'; 'I never was on the witness stand before in my life'; 'I am liable to make some mistakes'; 'I never had a case in court in my life and I never sued anybody and never have been sued'; and 'I have been a public man for 50 years.' The trior of fact had the right to know what

manner of man the witness was, and he had so volunteered.

"The location and value of the lands in question, as related to those of the Wallers, were competent, and were subject-matter of cross-examination; and the answer taken in connection with witness' (Charles E. Waller, Jr.) statement that he owned some land in that neighborhood, and he thought he knew the value of that property (the Harris lands) as of August, 1925, date of the death of O. W. Harris, Sr., sufficiently indicated that the witness spoke of relative market values as of the date of the death of the widow's husband, and not that of the trial. And the witness concluded by saying: 'I have already told you that the value

of that property in August 1925 was $40.00 per acre.'

"The expressions that 'There is a place out there between here and Hatch's which has been offered for sale * * * at least several years at $50.00 per acre. He can't sell it for that price,' and 'It is red table land,' were evidences of value, character, location, and failure of market price for a greater value, and were competent as shedding light upon the market value at the time of the death of Mr. Harris. Taylor v. Taylor, 221 Ala. 74, 127 So. 503."

In Bynum Brothers v. State, 216 Ala. 102, 112 So. 348, 350, we held that:

"The inquiry of the reasonable market value of other like property in the same community is admissible for the purpose of testing the witness giving the opinion evidence of the market value and as affording a criterion from which the value of the property in question may be deduced."

Assignments of error 8 and 9 are based on the overruling of appellants' objections to the testimony of witnesses Hall and

Davis concerning the sale price of other lands. Hall and Davis were witnesses for appellant, Davis being the husband of one of the appellants, and the testimony objected to was brought out on cross-examination.

■ Hall testified on cross-examination as to the price paid by him in 1941 for lands adjoining the homestead lands. The lands purchased by Hall had been previously, by other witnesses, compared with the homestead lands as to similarity, etc. Also, there was testimony concerning economic conditions between the year 1934, the year J. A. Reid died, and the year 1941, when Hall made the purchase. On the question of the remoteness of time of the purchase by Hall of lands adjoining the homestead lands, the rule seems to be that much is left to the discretion of the trial court. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773, and cases there cited. It is also the settled rule that more latitude is allowed on cross than direct-examination of a witness. There was no error to reverse in the cross-examination of Hall.

The same line of reasoning applies to the cross-examination of appellants' witness Davis. On cross-examination by appellee, the witness testified as to the price he paid for certain lands in 1939 which were located some four miles from the homestead lands.

The basis of appellants' assignments of error 10, 11 and 12 is the testimony of appellee's witnesses E. B. Stowers, S. O. Craig and John Brooks.

The witness Stowers testified as to what he paid for two tracts of land totaling 2,100 acres in 1937 and 1938. Before Stowers testified, the witness Croom, one of the homestead appraisers, had laid the predicate for Stowers' testimony by describing and comparing the homestead lands and the Stowers' lands.

After the witness Craig testified as to the type of the homestead land, he stated that in his opinion it was worth $1,500. He further testified that:

"I was engaged in other real estate transactions during the middle thirties out here on the west side; the property I bought out on the west side was about 6 or 8 miles from the Reid property; I suppose taking all grades of land it was practically the same as far as soil and cultivatable lands, as the Reid property; I don't know whether there was about the same amount in cultivation percentage or not; at the time there was a good house and several out buildings on it; the house on the land I purchased was as good house as the house on the Reid property.

"Q. And when did you purchase this property? A. I think it was about 1937. About that time.

"Q. How much did you pay for that land Mr. Craig, per acre? A. Well it wound up between 8 and 9 dollars an acre."

Exceptions were reserved as to what Craig paid for the lands he purchased in 1937.

The witness Brooks testified as to the price paid by his employer in 1934 for property similar to the homestead property. He stated: "I am familiar with the nature of the soil of the Reid place; there was not too much difference in the type of soil on the land we bought and the Reid property; sandy; loam clay; a clay foundation. * * *"

We have carefully examined the record with reference to assignments of error 10, 11 and 12, and are convinced that in admitting the evidence made the basis of those assignments, the trial court did not commit reversible error.

Appellants' seventh assignment of error is based on the trial court's not valuing the homestead in excess of $2,000. Admittedly, this presents only the question of the weight of the evidence.

■ We have examined the evidence with care. While there is a diversity of

opinion of the witnesses as to the value of the homestead lands at the time of the death of Reid in 1934, we are unable to say with conviction that the trial court was in error in his conclusion that such value did not exceed the widow's homestead exemption of $2,000. Thompson v. Bryant, 251 Ala. 566, 38 So.2d 590; Rogers v. McLeskey, 225 Ala. 148, 142 So. 526; Darrow v. Darrow, 201 Ala. 477, 78 So. 383; Hagood v. Spinks, 219 Ala. 503, 122 So. 815.

We find no error to reverse and the cause is affirmed.

Affirmed.

LAWSON, SIMPSON, STAKELY, MERRILL and SPANN, JJ., concur.

LIVINGSTON, C. J., and GOODWYN, J., dissent.

LIVINGSTON, Chief Justice (dissenting).

I am unable to agree with the majority of my brothers. From the wording of the statute, it appears that this proceeding may be instituted only when the property owned by the decedent at the time of his death does not exceed in amount and value the exemption allowed in favor of the widow and minor children. The statute, in its first clause, specifies that the property to which it refers is both the real and the personal property; therefore, in order to invoke the jurisdiction of the court, the petition must contain an allegation that the personal property did not exceed the amount exempt. We will attempt to demonstrate that holding.

In Singo v. McGhee, 160 Ala. 245, 49 So. 290, 291, the sufficiency of the jurisdictional allegations was in question, and the court said:

"The application must be verified, and must 'set forth such facts.' What facts? The facts set out in the statute, as a matter of course: First, that the real and personal property owned by the decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children; * * *."

In Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 917, the court was considering, under collateral attack, the sufficiency of a petition filed under section 4224 of the Code of 1907, which is the same as the provisions of the Code of 1923. There, the court said:

"So far as the estate of the decedent is concerned, the necessary jurisdictional averment is that the property owned by him at the time of his death 'does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children, or either.' In Chamblee v. Cole, 128 Ala. 649, 30 So. 630, it was held that an averment that decedent at his death 'owned without any incumbrance a plantation which does not exceed 160 acres or $2,000 in value' was not sufficient to confer jurisdiction. But in Singo v. McGhee, 160 Ala. 245, 49 So. 290, it was held (by a divided court) that an averment that decedent 'owned real and personal property' at the date of his death, 'which did not exceed in amount or value the exemptions allowed the widow,' was sufficient to negative the ownership of any property in excess of that amount or value. These cases were construing section 2097 of the Code of 1896, which was the same as the statute here construed.

"On the authority of Singo v. McGhee, supra, which has become a rule of property, and which we are not disposed to now overrule, we hold that the petition in the present case was sufficient for jurisdictional purposes."

In Hardy v. Morgan, 238 Ala. 251, 189 So. 878, 879, this court said:

"This petition was filed under the provisions of Sections 7948 et seq. of the Code, and its averments were suf-

ficient to quicken into exercise the jurisdiction of the probate court conferred by said Section 7948 of the Code. That is to say, the petition avers that the said George W. Morgan departed this life in Cherokee County, Alabama, on or about June 17, 1938, leaving petitioner as his surviving widow; that he left no minor children surviving him; that the property, *real and personal,* owned by the decedent at the time of his death did not exceed in amount and value the exemptions allowed by law in favor of his widow and minor children, and that there had been no administration upon his estate. The petition also. gives the names, ages and place of residence of the heirs, and avers that all of them are over the age of twenty-one years. This petition was filed on the 26th day of October, 1938, being more than sixty days after the death of the said George W. Morgan, and was duly verified by oath of the applicant." (Emphasis supplied.)

In Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105, 107, the probate proceedings were attacked for the failure of the petition to contain an allegation that the property sought to be set aside was all the real estate owned by the decedent at his death. Although the question of a failure to allege that the value of the personal property was not raised, the following discussion by the court indicates that such an averment is necessary to confer jurisdiction upon the probate court:

"If the court's jurisdiction is not invoked by an administration on the estate within sixty days from the death of decedent, section 7948 authorizes a proceeding without such administration of the estate; *but the court's jurisdiction must be quickened into exercise by an application setting forth the facts required by the statute, and if on the hearing of the application the facts alleged are sustained by the proof, the court is au-*

*thorized to set apart the exemptions and vest the absolute title in the exemptioners.* If on such hearing, the court's jurisdiction having been thus quickened into exercise, it appears that the property exceeds in amount and value the exemptions allowed by law, the court has authority to set the exemptions aside and vest the title for the life of the widow and the minority of the minor child or children. This is the sole effect of section 7951, as revised. The provisions of the section of the Code conferring on the court jurisdiction to proceed in the absence of an administration were not affected.

"The first change in the provisions of that statute (now section 7948) was by the Act of February 28, 1887 (Acts 1886–87, p. 112), changing its requirements for the appointment of two instead of three comissioners. The title of the original Act of February 12, 1885 (Acts 1884–85, p. 114), and the act amendatory thereof, is: 'To set apart to widows and minors property exempt from administration and debts under the laws of Alabama, *without any administration thereon.'* The only other change was a revision by the Legislative Code Committee inserting the words, 'as well as the names, condition, and residence, if known of the heirs of the decedent, other than the minor children of the decedent,' immediately after the requirement that *the application must be 'verified by oath and setting forth such facts'; that is, that 'the property, real and personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children, or either,* and no administration is granted on his estate within sixty days after his death.' (Italics supplied.) The averments thus required have been consistently held to be jurisdictional since Brooks v. Johns, 119 Ala.

412, 24 So. 345, and the repeated recodification of this statute and its readoption without change, other than those noted, clearly indicate a legislative purpose to confirm that interpretation. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831." (Emphasis supplied.)

In the case of Alford v. Claborne, 229 Ala. 401, 157 So. 226, 228, the late Chief Justice Gardner said:

"The chancellor concluded that the averments of the petition were in substantial harmony with the language construed in Singo v. McGhee, 160 Ala. 245, 49 So. 290, and Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 917. But we are persuaded there is a marked distinction.

"In the Singo Case, supra, the petition alleged *'that said George Singo owned real and personal property located in this state and county at the date of his death, which did not exceed in amount or value the exemptions allowed the widow'* (italics supplied), and in the Miller Case, supra, the averments were to like effect, 'that the said Stephen Forrest owned at the time of his death real and personal property which does not exceed in amount and value the exemptions allowed by law in favor of the undersigned applicant.'

"But the petition here considered contains no such averments or anything even indicating such a conclusion, and clearly the majority opinion in the Singo Case was rested upon the language of the petition which appears above as italicized. The averments in the Singo and Miller Cases that the property owned by decedent at his death did not exceed in amount and value that allowed by law as exempt, were the equivalent of the statement that the real estate did not exceed 160 acres of land, the value of which was not in excess of $2,000.

There is nothing in the present petition to supply the deficiency, and the above-noted cases cannot be relied upon to sustain its sufficiency. That such was a necessary jurisdictional averment of the petition, we think, is clearly established by our decisions.

"In Brooks v. Johns, 119 Ala. 412, 417, 24 So. 345, 347, speaking of just such a defective petition, the court said: 'The widow here made the application, but it did not contain the necessary averment without which the court was without authority to proceed,—that the real property of decedent, at the time of his death, did not exceed the amount and value allowed to his widow, etc. This averment which seems to have been industriously avoided, was jurisdictional.'

"And the decision in Chamblee v. Cole, 128 Ala. 649, 30 So. 630, is rested upon this authority; the holding being to the effect that, as the petition was lacking in this jurisdictional averment, the proceedings were void.

"In Cogburn v. Callier, 213 Ala. 46, 104 So. 330, 333, is the following language, also here pertinent: 'Where there has been no administration of the estate, and an independent petition is filed for allotment of homestead under the code sections referred to, the petition must show the facts prescribed by the statute, which are regarded as jurisdictional; and, in the absence of such a showing the decree will be void on its face. Miller v. Thompson, 209 Ala. 469, 96 So. 481, 483; Chamblee v. Cole, 128 Ala. 649, 30 So. 630.'

"And in Miller v. Thompson, 209 Ala. 469, 96 So. 481, 482, the following: 'It is the settled law of this state that the court of probate when it proceeds to set apart and allot homestead exercises a special and limited jurisdiction, which only attaches when a petition is filed containing the neces-

sary allegations.' See, also, Chambers v. Chambers, 218 Ala. 192, 118 So. 385, and Williams v. Overcast, 229 Ala. 119, 155 So. 543.

"But it has been suggested that, as the probate decree recites that the petition did contain the jurisdictional averment, that sufficed and will sustain the proceedings. The recital in the decree is without support in the petition, and, as pointed out in the Singo Case, supra, the court being 'without authority to proceed, the subsequent findings and recitals in the decree could not supply the absence of averments essential to its right to proceed with the case.' See, also, Martin v. Martin, 173 Ala. 106, 55 So. 632. And this conclusion was reiterated in Keenum v. Dodson, 212 Ala. 146, 102 So. 230, 231, where the court, citing the Singo Case, supra, said: 'Therefore if we construe the present bill as charging that the petition did not contain this essential averment, the probate court had no jurisdiction to render the decree in question, and the decree would be void notwithstanding its recital of jurisdictional facts.' See, also, Martin v. Martin, 173 Ala. 106, 55 So. 632. This latter case is authority to the effect that, where there is ambiguity or uncertainty as to the language of the petition, the other proceedings, including the recitals of the decree, may be looked to in the proper interpretation and construction thereof, but that, in the absence of such ambiguity, resort cannot be had to the recitals in the decree to supply the lack of jurisdictional averment in the petition. See, also, Miller v. Thompson, supra.

\*      \*      \*      \*      \*      \*

"It thus appears from our decisions this statute has uniformly been construed as requiring this jurisdictional fact to appear in the petition in order to validate the proceedings thereunder. With this settled and fixed con-struction, it has been brought forward into the Code of 1923 without change. There has been therefore a legislative adoption of such construction, as it is to be presumed that the statute was re-enacted in the light of the construction placed thereon by the court, and such construction becomes a part of the statute. Russell v. Thornton, 216 Ala. 60, 112 So. 347; Ex parte State ex rel. Davis, 206 Ala. 393, 90 So. 871; Compton v. Marengo County Bank, 203 Ala. 129, 82 So. 159; Boswell v. Slade, 207 Ala. 340, 92 So. 607; Moragne v. State, 201 Ala. 388, 78 So. 450; Harrington v. State [ex rel. Van Hayes], 200 Ala. 480, 76 So. 422; Wood-Dickerson Supply Co. v. Cocciola, 153 Ala. 555, 45 So. 192; Barnewall v. Murrell, 108 Ala. 366, 18 So. 831."

In the case of Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863, 864, decided by the Court in 1944, this Court declared:

"§ 694, Title 7 of the Code reads as follows: 'When the property, real and personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow,' etc.

"Examination of the constitutional provision (§ 205 of the Constitution of 1901) and the statutes dealing with homestead rights of which § 694 is a part (§ 625 et seq., Title 7, Code), shows that homestead rights must be measured not only by value but also by area. Since the word 'value' is used in § 694, the word 'amount' in § 694 necessarily refers to area and not to value. Our decisions support this view. In the case of Williams v. Overcast, 229 Ala. 119, 155 So. 543, 546, this court said: 'In declaring upon jurisdictional facts in Singo v. McGhee, 160 Ala. 245, 248, 49 So. 290, 291, under sections 2097 and 2100 of the Code of 1896 [Code 1940, Tit. 7,

§§ 694, 697], it was said: "The application must be verified, and must set forth such facts." What facts? The facts set out in the statute, as a matter of course: First, that the real and personal property owned by the decedent at the time of his death does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children * * *.'

"In Hardy v. Morgan, 238 Ala. 251, 189 So. 878, 879, this court said: 'This petition was filed under the provisions of Section 7948 et seq. of the Code (Code 1940, Tit. 7, § 694 et seq.), and its averments were sufficient to quicken into exercise the jurisdiction of the probate court conferred by said Section 7949 of the Code. That is to say, the petition avers that said George Morgan departed this life in Cherokee County, Alabama, on or about June 17, 1938, leaving petitioner as his surviving widow; that he left no minor children surviving him; that the property, real and personal, owned by the decedent at the time of his death did not exceed in amount and value the exemption allowed by law in favor of his widow and minor children * * *.'

"In the case of Brooks v. Johns, 119 Ala. 412, 417, 24 So. 345, 347, this court said: 'By the very terms of the statute under which the proceeding for homestead in this case was instituted, it is provided, as has appeared, "when the property, real or personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemptions allowed in favor of the widow and minor child or children, or either," etc., the probate court, "upon the application of the widow * * *" must appoint commissioners and proceed to set apart the exemption. The widow here made the application, but it did not contain the necessary averment without which the court was without authority to proceed,—that the real property of decedent, at the time of his death, did not exceed the amount and value allowed to his widow, etc. This averment, which seems to have been industriously avoided, was jurisdictional; * * *.'

"In the case of Miller v. First National Bank, 194 Ala. 477, 69 So. 916, 917, this court said: 'The petition was filed under section 4224 of the Code of 1907 (Code 1940, Tit. 7, § 694). So far as the estate of the decedent is concerned, the necessary jurisdictional averment is that the property owned by him at the time of his death "does not exceed in amount and value the exemptions allowed in favor of his widow and minor child or children, or either." '

"Nor is the fatal lack of jurisdictional averment aided by the subsequent proceedings of the court. The judgment of the court is void.

" 'The court's jurisdiction not having been quickened into exercise in the mode provided by statute, its proceedings and judgment were void, and cannot be looked to to supply the omitted, essential jurisdictional averment.' Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105, 106.

"See also Alford v. Claborne, 229 Ala. 401, 157 So. 226; Keenum v. Dodson, 212 Ala. 146, 102 So. 230."

See, also, the cases of Mitchell v. Mitchell, 258 Ala. 572, 64 So.2d 104; Parker v. Money, 258 Ala. 568, 64 So.2d 108. These two cases were construing section 697, Tit. 7, Code 1940, as amended by Acts 1951, p. 1558.

From an examination of the statute in question and the above-quoted judicial expressions as to the requirements of a petition filed under that statute, it is apparent that in order to invoke the jurisdiction of the probate court in a proceeding to set apart property as exempt to a widow and minor child or children without an administration of the estate of the decedent under section 7948, Code 1923, it is necessary to allege, among other things, that the personal property owned by the decedent at the time of his death did not exceed the value exempt to the widow and minor child or children, and that a failure to so allege renders the proceeding void.

The petition in the case before us describes the real property owned by decedent at the time of his death and alleges that it was all the real estate which he owned and that at the time of his death it was less in value than $2,000, and less in area than 160 acres. The petition did not contain any allegation whatsoever concerning the personal property owned by the decedent at the time of his death. In the absence of this averment, the probate court had no jurisdiction in the matter. The decree appealed from is therefore void.

In my opinion, the proceeding and decree of the probate court, being void for want of jurisdiction, require that the appeal be dismissed. Walton v. Walton, 256 Ala. 236, 54 So.2d 498; Simpson v. Simpson, 254 Ala. 648, 49 So.2d 314; Craig v. Root, 247 Ala. 479, 25 So.2d 147; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863.

It may be that our opinion as expressed above might disturb some titles long since regarded as settled, but in our humble judgment, it is better to change, what to us seems to be the plain language of the statute, by legislative, rather than judicial, action.

I, therefore, respectfully dissent, and in which dissent Justice GOODWYN joins.